By the Court,

Cowen, J.
The objection of variance, as to the rent being payable quarterly, not having been raised on the trial, can not be urged upon a writ of error.
The plaintiff below was not bound to come with his lease executed, or to await the defendant’s time to execute a lease and renew the demand, after the latter had peremptorily refused to give possession. That any such effort would have been in vain and idle, is evident from the previous attempt of the defendant to procure the withdrawal of Nelson’s name as security. If the defendant was desirous to profit by the indulgence due to a grantor or lessor, in the allowance of time for preparing the conveyance, he should have said so, or at least not have taken ground which would have made a tender of a lease, or a demand of one, a most useless ceremony.
The measure of damages was certainly not confined to the difference of rent. The jury might look to the actual value of the bargain which the plaintiff had made.
*45 As to the expense of the plaintiff’s breaking up of his former residence in Niagara and removing to Tonawanda, the declaration contained no special allegation of such loss, the inquiry is whether it be admissible under the averment oí general damage, as being a direct and necessary consequence of the defendant’s breach of contract. I have looked into Ward v. Smith (11 Price, 19), cited by the defendant’s counsel, and find it in point for letting in this proof under an allegation of general damage. Indeed, the case at bar bears, in all it features, a close resemblance to Ward v. Smith.
Judgment affirmed.