Giles *v.* O'Toole.

---

---

'SAME TERM. *Before the same Justices.*

GILES *vs.* O'TOOLE.

| 4 | 261 |
|---|---|
| 130a | 360 |
| 4 | 261 |
| 64h | 211 |
| 4 | 261 |
| 139a | 436 |
| 4 | 261 |
| 90h | 564 |
| 4b | 261 |
| 84 | AD²523 |

In an action by a lessee, against the lessor, to recover damages for a refusal to give possession of the demised premises, the plaintiff may recover the damages arising from expenses incurred in preparing to remove to and occupy the premises, together with the difference between the real value of the rent and the sum agreed to be paid.

But he is not entitled to recover for the profits which he might have made in his business, had he occupied the premises. Nor can he prove the amount of damages sustained, by the opinions of witnesses.

The *opinions* of witnesses, as to damage or loss, are not competent evidence, even in cases where the damages claimed are a proper subject of recovery.

Whether a parol lease of premises for one year, the term to commence *in futuro*, is valid, under the statute of frauds ? *Quære.*

ERROR to the Oneida common pleas. The action was commenced before a justice of the peace. O'Toole, the plaintiff, declared, verbally, for the violation of an agreement by the defendant Giles, to let to her a certain store, &c. in the village of Rome, and claimed damages to the amount of $100. The defendant pleaded the general issue, and gave notice of set-off. The justice gave a judgment for the plaintiff for $41,47, and on appeal to the common pleas that judgment was affirmed. In the common pleas the plaintiff, in her declaration, alleged that the defendant on the 1st of December, 1844, for and in consideration of $100, agreed to lease, and did lease to the plaintiff certain premises for the period of one year from

that date, but that he had refused to deliver possession of the same. Plea the general issue, with notice of set-off. It appeared on the trial that the plaintiff was a milliner, and that the building was rented by her for a shop. A verbal agreement made by the defendant in October, 1844, to rent the premises to the plaintiff for a year from the 1st of December then next, at a rent of $100, was proved; possession to be given as soon as the building should be completed. No certain time was fixed, but the witness understood it would be finished that fall. Several applications were made to the defendant to deliver possession of the premises, which he finally refused to do, and occupied the same himself. The defendant's counsel moved for a nonsuit, on the ground that the verbal lease was void under the statute of frauds, as being for a longer term than one year from the making thereof, viz. that it was for a year, to commence *in futuro*. The court decided that a parol lease for one year, to commence *in futuro*, was valid, and refused to nonsuit the plaintiff. Albert G. Beebe, after testifying as to the condition of the plaintiff's old shop, was asked what would the defendant's shop and privileges, and use of water, be worth to the plaintiff, per year, in her business? To this question the defendant's counsel objected, because the damages aimed at by the question were not reasonable; and because it called for the opinion of the witness. The court overruled the objection, and received the evidence. The witness answered $220 to $250. That a fair rent for the premises was about $100; but that in estimating the worth of the premises at $100 to $150 above the rent, the witness meant that the plaintiff could in that store have made that sum net profit, in her business. Henry Veazie testified that the old shop looked shabby and old, and that the light was bad. The plaintiff's counsel then asked the witness what would the new shop be worth, per year, for the millinery business? To this question the defendant's counsel objected, on the grounds, (1.) That the evidence offered was a violation of the true rule of damages; (2.) That the question called for the opinion of the witness as to the profits of the millinery business to be carried on in the store; (3.) That the profits

Giles *v.* O'Toole.

which might be made were of too uncertain a character, and depended upon too many other considerations besides location, to be adopted as the criterion of damages. The court overruled the objection, and allowed the question to be answered. The witness testified that he was not acquainted with that business; that he thought the store worth $100 per year; that he should suppose the profits of a millinery store might be $400 or $500; that in his business he should consider it worth $100 over other locations. To reverse the judgment of the common pleas the defendant brought this writ of error.

*C. Comstock*, for the plaintiff in error.

*Foster & Frost*, for the defendant in error.

*By the Court*, GRIDLEY, J. The plaintiff in the court below made a fair bargain for the premises described by the witnesses, for the term of one year, at an annual rent of $100; and relying on the faithful performance of his contract by the defendant, she incurred expenses and made considerable outlays in preparation for the occupation of those premises. After having been kept in suspense by the repeated promises of the defendant for some weeks, she was met at last by a flat refusal on his part to perform his contract, without the slightest justifiable reason for its violation. Under these circumstances, we feel no small regret in being obliged to reverse the judgment of the court below. But we have no alternative. There is no authority for admitting the evidence given by the witnesses Beebe and B. Veazie. I do not doubt the right of the plaintiff to recover the damages arising from expenses incurred in preparing to remove to, and occupy, the premises in question, together with the difference between the real value of the rent, and the contract price. (*See Driggs* v. *Dwight*, 17 *Wend.* 71; *Masterton* v. *The Mayor, &c. of Brooklyn*, 7 *Hill*, 67.) But the idea of founding a claim to damages on the part of the plaintiff, upon proof of what her profits would be in the millinery business, and of proving those damages by the opinion of

witnesses, is sanctioned by no authority; and is adopting a rule which is disapproved and condemned in 17 *Wend.* 161; 23 *Id.* 431; 24 *Id.* 668; and 5 *Hill,* 603. The opinions of witnesses, as to damage or loss, are not competent evidence, even in cases where the damages claimed are a proper subject of recovery. The facts, and *all* the facts going to show what the damages would be, should be given in evidence; and the jury must then draw their conclusion from the testimony of the witnesses as to the amount of the damage. But, notwithstanding the plaintiff might be entitled to the value of her bargain, (*see* 7 *Hill,* 61, 77,) yet she could not recover for the *profits* which she *might have made,* had she occupied the shop. *That* principle was expressly repudiated in the case of *Blanchard* v. *Ely,* (21 *Wend.* 342.) The case of *Brill* v. *Flagler,* (23 *Wend.* 354,) (though on the question of damages, it went farther than Judge Bronson in that case would admit to be law,) yet did not go far enough to justify the admission of the evidence in this case. The question was in that case one of *value.*

The question "what would Giles' shop and privileges and use of water have been worth to the plaintiff per year in her business?" called for an opinion of the witness founded on a great variety of facts; and on the profits she could make in that shop in her business; and it was so understood by the witness; and his answer was given and received under that view of the object of the inquiry. The admission of such testimony was an error for which the judgment must be reversed.

The question as to the validity of the lease itself, under our present statute, is not free from difficulty. We should regret to be obliged to hold this lease void; and should not, unless the language of the present act, upon the settled rules of construction should require it. It is not necessary to decide it now; and we do not.

Judgment reversed.