By the Court. Bosworth, J.
We think the finding of the referee, that the defendant evicted the plaintiff, and that the eviction was in November, 1852, is fully warranted by the evidence.
The evidence is, that the plaintiff hired the premises in Maiden Lane on the first of November, 1852. This was before the eviction. We are not at liberty to infer that this hiring was in consequence of the eviction. The referee allowed as an item of damage, the “heavier rate of rent” of the premises to which the plaintiff removed. Eor aught that appears, the plaintiff might have hired a room of the dimensions of that from which he removed, at the same rent, and one as well adapted to his business. If the referee allowed the difference in the rent of the two premises, for the period of six months, he must have allowed eighty- . seven dollars and a half for the increased rent, if he allowed the actual difference, for the unexpired term of plaintiff’s lease.
Instead of there being any evidence tending to show that the plaintiff was obliged to pay this rent in consequence of the eviction, the evidence shows that he hired before he was evicted, and that if he had not been evicted, he would have been obliged to pay the rent of the premises in Maiden Lane, as well as rent to the plaintiff.
If the plaintiff had a valid lease, which would not expire until the first of May, 1853, the consequences of being forcibly evicted by his landlord in November, 1852, would be, first, an exemption from liability to pay rent from the commencement of the quarter in which the eviction occurred; second, a right to recover the difference between the value of the lease for its unexpired term and the stipulated rent; third, any other damages which necessarily resulted from the eviction.
If it is clearly shown that it cost more to remove, at the season of the year when the eviction occurred, than it would at the ex^ piration of the lease, this excess of expense may be recovered. (Noyes v. Anderson, 1 Duer, 342, 352-3.)
The judgment must be reversed, the report of the referee set •aside, and a new trial ordered, with costs to abide the event.