White, J.
The pleadings in this case are drawn so loosely and with so little attention to legal precision, that it requires no small amount of labor to find out the material issues in the case. We should judge this to have been the cause of no little embarrassment on the trial in the common pleas; and the learned judge who tried the case would have been warranted, sua sponte, in requiring counsel to reform their pleadings so as to make the issues sought to be raised more definite and certain.
The damages in this» case arose from the breach of a contract. The breach consisted in the failure of the defendant below to make the lease stipulated for, and in his causing the eviction of the plaintiff below from the premises for which the lease should have been made.
The testimony excepted to by the plaintiff in error, related to the probable future profits of a peach-orchard not yet grown; to the profits the plaintiff would probably have made from the thirty acres; and to the value of the pasturage to him during the time. This testimony was offered in chief by the plaintiff, as furnishing the basis on which his damages were to be assessed by the jury. ' It was uncertain and speculative in its nature, and must have been, in a great degree, conjectural.
The general rules as to the measure of damages are well understood. The difficulty lies in making the proper application of them to particular cases.
It is a well-established rule that the damages to be recovered for a breach of a contract must be shown with certainty, and not left to speculation or conjecture. In the practical application of this general rule, others have been adopted as guides in ascertaining the required certainty; as (1) that the damage must flow naturally and directly from the breach of the contract, that is, must be such as might be presumed to *follow its violation; and (2) must be not the remote, but proximate consequence of such breach.
In cases where the damages may be estimated in a variety of ways, that mode should be adopted which is most definite and certain.
In the present case, as respects the property, the immediate or proximate consequence of the breach of the contract, by the evic *529 tion, was the loss of the use of the premises for the term. To the extent that the damages depended on the loss of the use of the property, its market value, at the time of the eviction, subject to the performance of the contract on the part of the plaintiff, furnished the standard for assessing the damages. If it had no general market value, its value should have been ascertained from witnesses, whose skill and experience enabled them to testify directly to such value, in view of the hazards and chances of the business-to which the land was to be devoted. Griffin v. Colver et al., 16 N. Y. (2 Smith,) 489; Giles v. O’Toole, 4 Barb. 261; Newbrough v. Walker, 8 Gratt. 16.
This would only be applying the same principle for ascertaining the value of property which, by reason of its limited use, had no general market value, which is adopted with reference to proving the present worth of the future use of property which, by reason of its being in greater demand, has such market value.
In the ease of property of the former description, the range for obtaining testimony as to the value is, of course, more circumscribed than it is in the case of property of the latter description. But in either case, the proving the value of the property by witnesses having competent knowledge of the subject, is more certain and direct than to undertake to do so by submitting to the jury, as-the grounds on which to make up their verdict, the supposed future profits.
The profits testified to in the present ease were remote and contingent, depending on the character of the future seasons and markets, and a variety of other causes of no certain or uniform operation.
Neither did the amount of the plaintiff’s expenditures, made in obtaining or performing the contract, furnish the ^measure of his damages, or constitute the fact to which his evidence in> chief, on the question of damages, ought to have been directed. Eor this wrould be to allow the plaintiff, in case he bad made a bad bargain, to charge his losses resulting therefrom upon his adversary ; and, on the other hand, if his contract had been a profitable one, to deprive him of its benefits.
In regard to the questions objected to, and kindred inquiries, it may also be remarked, that we do not doubt it would be the right of a party, on cross-examination, to propound such questions to-the witnesses, who might have testified to the value of the prop *530 ■erty in question. This could be done in order to ascertain the grounds of their judgment, and as tending to test its correctness.
The remaining question, made on behalf of the plaintiff in ■error, relates to the refusal of the court to instruct the jury as requested, touching the measure of damages.
The condition of the record does not admit of a notice of the various instructions asked, that would be intelligible, within a reasonable compass. Our ruling the admission of testimony will furnish a sufficient guide, as to this question, on a retrial of the «ase. We therefore dismiss this branch of the case, with the remark that if the record did not show that improper testimony had been admitted, we should not have felt called upon to reverse the judgment for the refusal of the court to instruct the jury in the terms requested.
The remaining question arises on the cross-petition of the defendant in error. He claims that the judgment rendered on the report of the referees should be affirmed, and all the subsequent proceedings reversed.
The action of the referees must be regarded either as an award of arbitrators at common law, or as the report of referees under the code. As an award it was invalid, inasmuch as it did not follow the terms of the submission. The submission was to the arbitrament of three persons. The award was made by two only. As a report by referees, the code declares its effect to be the same as a decision by the court. Giving it this effect, either party had 588] the right to demand a ^second trial, the case being one for second trial instead of appeal. Lawson v. Bissell, 7 Ohio St. 129.
Judgment reversed, and cause remanded.
Scott, C. L, and Day, Welch, and Brinkerhoee, JL, concurred.