## SIGISMUND DRUCKER *v.* MARCUS SIMON.

A tenant who has been evicted from a part of the demised premises, does not, by the mere fact of his demanding of his landlord a sum by way of rent for the premises from which he has been evicted, waive his right of action for damages for the eviction.

A witness testifying as an expert in regard to the rental of houses, swore that he had had charge of the letting of 60 or 70 houses; *Held*, error to refuse to allow him to be asked on cross-examination how many houses he had let during the time he had been in that business.

In the trial of an action for damages for an eviction, it is error to allow evidence as to the difference between the rent of the demised premises and those to which the plaintiff removed, without it first appearing in evidence what was the situation, convenience, and equality of accommodation of the premises removed to as compared with the demised premises, and in case the eviction was not forcible nor sudden, that the plaintiff had made diligent efforts to get suitable premises of as good class, at the same rent, and failed.

*Quære*, whether such difference in rent can be recovered in any case.

*It seems* that the measure of damages for an eviction is the difference between the value of the premises for the residue of the term after the eviction, and the rent reserved for the same period.

The expense of removal, under certain circumstances, may also be recovered.

APPEAL by defendant from a judgment of the 7th District Court.

The action was brought to recover damages for eviction from hired premises. It appeared on the trial that the defendant had leased to the plaintiff the house No. 404 East 50th street, with the exception of the parlors and the front room on the 3d floor, for one year, beginning May 1st, 1870, and that about May 1st, 1870, the defendant put the plaintiff in possession of a portion of the demised premises, and with the plaintiff's consent, had retained possession of certain rooms. Afterwards, the plaintiff demanded possession of these rooms, and, as defendant did not give him possession, he sent him a bill for rent of such rooms, which was not paid. The plaintiff afterwards removed from the premises on account of the defendant's fail-

ure to give him possession of the whole of the demised premises, and brought this action to recover damages for an eviction.

He recovered judgment in the 7th District Court, for $250 and costs, and the defendant appealed to this court.

The facts relating to the admission and exclusion of evidence, are stated in the opinion.

*Adolf Levinger*, for appellant.

*Bannigan*, for respondent.

BY THE COURT.*—JOSEPH F. DALY, J.—The refusal of the landlord to give the plaintiff possession, after demand, of the part of the demised premises withheld originally by consent, justified the plaintiff in removing, and relieved him from the payment of rent after the removal. The relations of the parties and the rights of the tenant, were not altered by his demanding rent from his landlord for the portion of the house withheld. The tenant had no right to rent or any compensation for use and occupation from his own landlord because the latter withheld any part of the premises. The landlord did not agree to pay any rent, so no complication of their relations ensued, and the tenant's right to remove was unquestionable. The action was, therefore, well brought for damages for the eviction.

But the Justice erred in his rulings on the admission and exclusion of testimony as to the damage sustained. One measure of damages was the difference between the value of the premises for the balance of the term after the removal, and the rent reserved for the same period. The plaintiff was his own and only witness as to value. His testimony was offered as that of a real estate agent and expert familiar with values. It was error to disallow the defendant's question as to the number of houses the plaintiff had let. He said he had had charge of the letting of 60 or 70 houses. The defendant was entitled to learn where they were, what they were, and what rent they

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

were let for, in order to ascertain the correctness of plaintiff's estimate of the rental value of No. 404 East 50th street. It would have been error to exclude it on a trial before a jury, and it was as much error to do so before the Justice.

It is doubtful whether the plaintiff was entitled to the difference in rent he paid for the demised premises, and those he removed to, or that any evidence on that head should have been allowed. If it were proper at all, the question put to plaintiff, which the justice allowed against defendant's objection, viz.: " What rent he paid for the place he moved to after he left the demised premises ? " was clearly improper, without evidence as to the situation, convenience, and equality of accommodation of the premises removed to, as compared with those he left, and without evidence (as the eviction was not forcible nor sudden) that he made diligent effort to get suitable premises of as good class, at the same rent, and failed. It is doubtful, in any event, if he could recover both the difference in value of the premises he removed from, and the difference in rent of those he removed to. My view is, that the former is the compensation intended by law to protect him against the extra expense incurred by the latter. In every aspect of the case, the evidence so offered was improper. The cases to which we are referred (*Chatterton* v. *Fox*, 5 Duer, 64) are not positive.

The expense of removal was a proper item of damage under certain circumstances.

The judgment should be reversed.

Judgment reversed.