ADOLPH NIEMETZ, Appellant, *v.* ST. LOUIS AGRICULTURAL
AND MECHANICAL ASSOCIATION ET AL., Respondents.

### January 2, 1878.

1. In an action of trespass *de bonis asportatis*, where no element of fraud,
malice, oppression, or gross negligence appears, and where there is no evi-
dence of actual damage, only nominal damages can be recovered.

2. The mere wrongful asportation of a chattel, without any intention of appro-
priating it, or of depriving the owner of it, does not amount to a conver-
sion.

3. In trespass *de bonis asportatis*, the measure of damages is the value of the
goods at the time of the trespass, but if there is no evidence as to their
value, only nominal damages can be recovered.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

T. G. C. DAVIS and AUG. REBENACK, for appellant:
Punitive damages. — *Goetz* v. *Ambs*, 27 Mo. 28; *Buckley*
v. *Knapp*, 48 Mo. 152.    Speculative damages.—*Davis* v.
*Talcott*, 14 Barb. 611; *White* v. *Mosely*, 8 Pick. 356;
*Lacours* v. *Mayor of New York*, 3 Duer, 406.

E. B. SHERGER, for respondent: Conversion. — *Sim-
mons* v. *Lillystone*, 8 Exch. 431; *Foules* v. *Willoughby*, 8
Mee. & W. 540; *Sparks* v. *Purdy*, 11 Mo. 219.    Measure
of damages.— *Carter* v. *Feland*, 17 Mo. 383; *Charles*
v. *Railroad Co.*, 58 Mo. 458; *Spencer* v. *Vance*, 57 Me.
427.    Speculative damages.— *Callaway Mining & Mfg.
Co.* v. *Clark*, 32 Mo. 305; *Taylor* v. *Maguire*, 12 Mo.
313; *Giles* v. *O'Toole*, 4 Barb. 261; *Selden* v. *Cashman*,
20 Cal. 56.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that plaintiff, being a tenant from
year to year, and, as such, in possession of a tenement on
the fair-grounds of defendant, the St. Louis Agricultural
and Mechanical Association, the defendants forcibly,
wrongfully, and unlawfully broke into and entered the

building and retained possession of the same, and prevented plaintiff from carrying on his business as a confectioner there, and carried on plaintiff's business, and took the profits, to his damage $2,000. The second count alleges that defendants took and converted to their own use property of plaintiff in said building, the items of which are set out, to his damage $2,000. The answer is a general denial, and an allegation that the corporation defendant, at the time of the alleged wrongs, owned the premises described ; that the tenement was a booth on the fair-grounds of the corporation defendant, and that the defendants Hastings and Smith entered into the same under a license of defendant, the St. Louis Agricultural and Mechanical Association, as they had a right to do. The new matter is denied by a replication.

It appears from the testimony that defendant Hastings occupied, under a license from the defendant the St. Louis Agricultural and Mechanical Association, a frame building on the fair-grounds during the fair-week of many successive years. Afterwards, in 1870, the plaintiff was put into possession of this building, as he says, as tenant from year to year, at the rate of $150 a year, but, as defendants' witness says, under an agreement which was renewed from year to year whilst he remained there, and which gave him the right to use the building only during the fair-week of each year, and such time before and after as was necessary for fitting up the place and removing his goods. The building was a frame, thirty-four feet by eighteen, having several glazed windows and a door, and was used by plaintiff as a restaurant and cook-shop. The plaintiff went to some expense in fitting it up ; put in a boiler, benches, chairs, cooking-range, and utensils, dishes, plates, crockery, knives and forks, table-linen, an ice-box, and various articles. All this cost him, he says, $2,000. But as to the value of the articles there is no testimony. He was in the habit of locking up the shed and boarding up the windows during

the period between the annual fairs, and leaving this property there. In 1873, a few days before the fair, defendant the St. Louis Agricultural and Mechanical Association rented the shed to defendants Hastings and Smith for the fair of that year, without notice to plaintiff, and put them in possession by breaking open the door, prying out a staple to which plaintiff had attached a padlock. Defendants Hastings and Smith at once proceeded to remove all the property of plaintiff from the building. The small articles were found packed in boxes. Every thing was taken out with care, and deposited on a platform on the south side of the shed. Plaintiff went out to the fairgrounds whilst this was going on, and, after remonstrating with defendants and protesting against their action, took away his property. Defendants' witnesses say that the property was not damaged in the least. The testimony of plaintiff is, that the boiler was utterly destroyed, and that a fourth part of the things were broken and lost, and that the remainder, being of no use to him except for the special purpose for which he had employed them, were sent to auction, and sold for $45. There was a verdict and judgment for plaintiff for one dollar on the first count of his petition, and a verdict for defendants on the second count; and plaintiff appeals.

The plaintiff asked the court to instruct the jury substantially as follows:

1. That if defendants broke into plaintiff's restaurant and threw out and injured his goods, they should assess damages under the second count, in such sum as will compensate him for the loss.

2. If plaintiff was in possession under a parol agreement with the president of defendant the Agricultural and Mechanical Association, having been in such possession for three years, regularly paying his rent, and defendants forcibly entered and turned him out, and keep him out, plaintiff

has a right to recover, under the first count, full compensation for his loss.

3. If defendants, in combination with one another, committed the wrongs complained of in the first and second counts, with the intention to injure plaintiff, the jury may assess the damages at such sum, not exceeding $2,000 in either count, as they may think proper.

These instructions were refused. The court, of its own instance, instructed the jury that they could only find nominal damages under the first count; and that they ought to find for plaintiff under that count if they believed from the evidence that plaintiff was in possession as tenant from year to year, under an agreement with the president of the Agricultural and Mechanical Association, having paid his rent according to agreement, and that defendants forcibly entered and took possession.

And, at the instance of defendants, the court instructed the jury substantially as follows:

1. There can be no recovery under the second count, no conversion having been proved.

2. Plaintiff cannot recover unless there is a preponderance of testimony on his side; and the burden of proof is on him.

3. If the jury believe from the evidence that the premises in question were a cook-booth built by defendant the Agricultural and Mechanical Association, for purposes connected with its annual fair-week; that defendant granted and sold to plaintiff only the right to occupy the same during fair-week; and the $150 paid by plaintiff was paid for that privilege during the year or years he used and occupied the booth;—then defendant had the right to sell the privilege to Smith and Hastings, and to put them into possession during the fair-week of 1873, and the jury will find for defendant on the first count.

1. There was no element of fraud, oppression, malice, or

gross negligence in this case, to warrant vindictive damages against the defendants Hastings and Smith. Instruction No. 3 was, therefore, properly refused.

The testimony offered by plaintiff as to the profits which he had made by his business at the fair in former years was properly excluded, as it was no criterion from which the jury could determine what profit he would have made in 1873, or whether he would make any profit at all. Whether the plaintiff would have made or lost money by the booth during the fair of 1873 was mere matter of speculation, insusceptible of proof. Remote, speculative, and merely contingent profits, such as plaintiff might have made by carrying on a business in a building he had leased, had not the lessor refused him possession, especially when established only by the opinions of witnesses, are not recoverable. *Giles* v. *O'Toole*, 4 Barb. 261 ; *Callaway M. & M. Co.* v. *Clark*, 32 Mo. 305. There was, therefore, no evidence of any actual damage under the first count, and the plaintiff was not prejudiced by the refusal of instruction No. 2 ; and the instruction given by the court, that only nominal damages could be given on the first count, was correct.

2. The second count of the petition was for a conversion. There was no proof of a conversion, and the first instruction for defendant was correctly given. The mere wrongful asportation of a chattel does not amount to a conversion, unless the taking or detention of the chattel is with intent to convert it to the taker's own use, or that of some other person ; or, unless the act done has the effect of destroying or changing the quality of the chattel, as where one pours wine into water, or throws a paper into the river. The question is, What was the intention in removing these goods? The parties moving them manifestly intended no use of them ; nor is there any evidence that they were destroyed by the act of defendants, or of any one of them. If the entire article taken was destroyed, — as, for instance, by burning it, — that would be taking the article from

plaintiff and depriving him of it, though defendant might not be considered as appropriating it to his own use; but, to constitute a conversion, it is quite settled that there must be an intention of the defendant to take to himself the property in the goods, or to deprive plaintiff of it. *Simmons* v. *Lillystone*, 8 Exch. 441; *Fouldes* v. *Willoughby*, 8 Mee. & W. 549; *Sparks* v. *Purdy*, 11 Mo. 219.

3. If this difficulty were removed, there could be no recovery of damages on this count, because none were shown. The value of the property taken at the time of the conversion is the measure of damages in trover; and, in trespass *de bonis asportatis*, the measure of damages is their value at the time of the trespass. *Carter* v. *Feland*, 17 Mo. 383. But of the value of these goods at the date of the alleged trespass there is no evidence at all. Plaintiff testified as to what he paid for them, and this testimony the court properly excluded; but as to their value the plaintiff said he knew nothing; and, as the court said during the trial, his testimony showed that he was not competent to speak on this point. This hiatus in the proof is not supplied by the testimony of any other witness.

That a wrong has been done to the plaintiff is possible, and if so, he has, or had, a legal remedy for it. But we see no error in this record, to warrant a reversal of the judgment, and it is accordingly affirmed. All the judges concur.