ABRAHAM S. FRIEDLAND, Respondent, *v.* LEWIS MYERS, Appellant.

Where property is leased for a special purpose, which is known to the lessor, and possession is refused because of a prior lease to another party, the lessee may recover as damages his actual and necessary expenses incurred in preparing for the occupation of the property in the manner contemplated by the parties.

Plaintiff leased of defendant certain premises, which, as the lease stated, were to be occupied by him as a drug store. There was the usual covenant in the lease for quiet enjoyment. Shortly before the commencement of the stipulated time in order to fit the premises for use as a drug store, plaintiff, with the knowledge and assent of defendant, caused counters and other fixtures to be made. When plaintiff sought to take possession at the beginning of his term, the tenant then in possession claimed that his term had not expired, and it was so adjudged in proceedings to dispossess him brought by defendant. Plaintiff thereupon sold the fixtures at public auction, realizing less than cost. In an action to recover damages for breach of covenants in the lease, *held*, that plaintiff was entitled to recover as an item of damages the loss so sustained.

Plaintiff also purchased a stock of goods to put in the store, and was, as he claimed, compelled to sell a portion that were perishable at less than cost. The place of purchase was in the same city; the goods could have been delivered in the usual course of business on the same day when ordered or the next day. *Held*, that plaintiff was not entitled to recover for this loss; that the purchase in advance of the beginning of the term was not necessary, and in making it he assumed the risk of depreciation in value, in case the defendant failed to give possession under the lease.

(Submitted June 29, 1893; decided October 10, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 7, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for breach of a covenant of quiet enjoyment in a lease of certain premises from defendant to plaintiff.

The facts, so far as material, are stated in the opinion.

*Lewis Sanders* for appellant. In the absence of an allegation of loss caused by a difference between the rent received and the actual rental value, coupled with an allegation of willful breach of contract by the lessor, the lessee or grantee in an action for breach of covenant for quiet enjoyment can only recover the amount paid on the contract, and any incidental expenses, examining title, etc. (*Mack* v. *Patchin*, 42 N. Y. 171.) The rule of damages for breach of covenant for quiet enjoyment is peculiar, and does not include the value of performance. (*Engelsdorff* v. *Sire*, 18 N. Y. Supp. 907.)

*Benjamin N. Cardozo* for respondent. The expenses incurred by the plaintiff in preparing to occupy the defendant's premises were a proper element for the recovery of damages, and were rightly submitted by the court to the consideration of the jury. (*Trull* v. *Granger*, 8 N. Y. 115; *Mack* v. *Patchin*, 42 id. 167; *Dodds* v. *Hawkes*, 114 id. 260; 3 Suth. on Dam. 149, 158; *Bernstein* v. *Meech*, 130 N. Y. 354; *Driggs* v. *Dwight*, 17 Wend. 71; *Lawrence* v. *Wardwell*, 6 Barb. 423, 426; *Giles* v. *O'Toole*, 4 id. 261; *Taylor* v. *Bradley*, 39 N. Y. 129, 142; *Vanderslice* v. *Newton*, 6 id. 130, 133; *Savery* v. *Ingersoll*, 46 Hun, 176; *N. Y. Academy* v. *Hackett*, 2 Hilt. 217, 234; *Adair* v. *Boyle*, 20 Iowa, 238; *Poposkey* v. *Munkwitz*, 68 Wis. 322; *Johnson* v. *Arnold*, 2 Cush. 423; *Hall* v. *Horton*, 44 N. W. Rep. 569; *Ward* v. *Smith*, 11 Price, 19; *Hexter* v. *Knox*, 63 N. Y. 563; *Green* v. *Williams*, 45 Ill. 206; *Wakeman* v. *W. & W. M.*

*Co.*, 101 N. Y. 205; *Jacques* v. *Millar*, L. R. [6 Ch. Div.] 153; *Griffin* v. *Culver*, 16 N. Y. 489; *White* v. *Miller*, 71 id. 118; *Messmoore* v. *N. Y., etc., Co.*, 40 id. 422; *Simpson* v. *L., etc., R. R. Co.*, L. R. [1 Q. B. Div.] 271; *Booth* v. *S., etc., Co.*, 60 N. Y. 487; *Swain* v. *Schieffelin*, 134 id. 471; *Bach* v. *Levy*, 101 id. 511; *Brigham* v. *Evans*, 113 Mass. 538; *Campbell* v. *Woodworth*, 20 N. Y. 499; *Huntington* v. *Attrill*, 118 id. 381; *Guiterman* v. *L., etc., Co.*, 83 id. 358, 371; *Parmenter* v. *Fitzpatrick*, 135 id. 190; *Hoffman* v. *Conner*, 76 id. 121; *Wells* v. *Kelsey*, 37 id. 143; *Crounse* v. *Fitch*, 1 Abb. Ct. App. Dec. 475; *Ellis* v. *Channock*, 7 C. & P. 169.) The court properly refused to charge the jury that, if the plaintiff knew of the verbal lease to Schreiber before he incurred any of the expenses as to which testimony had been given, he was not entitled to relief. (*Wiley* v. *Mulledy*, 78 N. Y. 310; *Northridge* v. *Moore*, 118 id. 419; *Mead* v. *Binney*, 32 id. 275.) Defendant's exception to the court's refusal to instruct the counsel to omit any reference to the District Court judgment in the summing up of the case, on the ground that such judgment was not in evidence, is untenable. (*Lyon* v. *E. R. Co.*, 57 N. Y. 489; *Holmes* v. *Jones*, 121 id. 461; *Tisdale* v. *D. & H. C. Co.*, 116 id. 416; *Hymes* v. *Esty*, Id. 501; *Taylor* v. *Barnes*, 69 id. 430; 1 Greenl. on Ev. § 536; *Culross* v. *Gibbons*, 130 N. Y. 447; *People* v. *Sweet*, 14 N. Y. Supp. 778; *Demarest* v. *Darg*, 32 N. Y. 381.) There is no force in defendant's exception to the refusal to allow a witness to testify whether the statements contained in a certain letter were true. (*Collins* v. *Stephenson*, 8 Gray, 438; *Schultz* v. *T. A. R. R. Co.*, 89 N. Y. 242; *People* v. *Brooks*, 131 id. 321, 326; 1 Greenl. on Ev. § 450.)

MAYNARD, J.   By a written instrument, dated August 26, 1889, the defendant leased to the plaintiff the ground floor of No. 26 Canal street, New York city, for five years, commencing May 1, 1890.

The plaintiff was a druggist, then doing business in the vicinity, which he intended to dispose of and to re-establish

himself in the same business upon the premises leased of the defendant. It was expressly stated that the building was to be occupied by the plaintiff as a drug store, and there was the usual covenant for quiet enjoyment. When the plaintiff sought to take possession on May 1st, he was kept out by the tenant in possession, who claimed that his term had not expired and that he was entitled to remain another year under an agreement with defendant, which antedated the lease to plaintiff. The defendant immediately began summary proceedings in the District Court to dispossess the occupant, and the plaintiff awaited their result. They were unsuccessful, and on May 27th it was adjudged that the occupant was rightfully in possession; because of the former lease to him. The plaintiff then rented another building for a store, into which he removed on June 10th. He has recovered in this action, as damages for a breach of the covenant of quiet enjoyment, a judgment for $1,328. The material facts are not disputed, and the only error assigned, upon this appeal, relates to the rule of damages applied by the trial court. Measured by the difference between the rent reserved and the actual value of the lease, no damages were proven, and there could have been but a nominal recovery on that account. But the plaintiff was permitted to prove, and the jury to consider, the expenditures and losses incurred in preparing to occupy the property and conduct his business there. A short time before the commencement of the stipulated term the plaintiff began preparations to fit the premises for use as a drug store. With the knowledge and assent of the defendant he employed an architect to make the drawings for the cases, counters and other necessary fixtures required in that business, and a cabinet maker to construct them. The store which he subsequently rented was already furnished, and the only use which he could make of the fixtures was to sell them at public auction at a net loss of $831. He purchased a stock of drugs to put in the store and was, as he claims, compelled to sell such as were perishable at a depreciation from the cost of $397, not including the pro-

portional part of the auctioneer's fees and commissions upon the sale, which may be fairly estimated at the sum of ten dollars. He had advanced $100 on account of rent, and these three matters make up the damages allowed.

Anciently, the rule was that, where the lessor was sued for a breach of a covenant to give possession, the lessee could, ordinarily, recover only nominal damages and incidental expenses, but nothing for the value of the lease; but this rule was not made applicable to a case like the present, where he had covenanted to give possession, when he must be deemed to have known that he had no authority to do so; and the lessor would then be held liable to the lessee for the loss of the bargain under rules analogous to those applied in the sale of personal property (*Mack* v. *Patchin*, 42 N. Y. 171), and the damages in such cases are now usually measured by the difference between the rent reserved and the actual rental value of the premises for the stipulated term. (*Dodds* v. *Hawkes*, 114 N. Y. 260.) But other damages may also be recovered, provided they are proximate in effect, and are not speculative or uncertain in character and were fairly within the contemplation of the parties when the lease was made, or might have been foreseen as a consequence of a breach of its covenants. If the property is leased for a special purpose, which is known to the lessor and possession is refused because of a prior lease to another party, or of other fault of the lessor, the lessee may recover as damages his actual and necessary expenses incurred in preparing for the occupation of the property in the manner contemplated by the parties. (*Driggs* v. *Dwight*, 17 Wend. 71; *Giles* v. *O'Toole*, 4 Barb. 261; *Lawrence* v. *Wardwell*, 6 id. 423; *N. Y. Academy* v. *Hackett*, 2 Hilt. 217; *Adair* v. *Bogle*, 20 Ia. 238.; *Hall* v. *Horton*, 44 N. W. Rep. 569; *Poposkey* v. *Munkwitz*, 68 Wis. 322; *Jacques* v. *Millar*, L. R. [6 Ch. D.] 153; *Hexter* v. *Knox*, 63 N. Y. 563; *Bernstein* v. *Meech*, 130 id. 354.)

Under this rule, we think, the actual expenses paid or incurred by the plaintiff in the construction of the necessary fixtures to render the premises tenantable for the purposes for

which they had been leased were properly proven and sub-
mitted to the jury for their consideration in estimating the
quantum of damages recoverable. The loss of these expen-
ditures may fairly be considered as naturally arising from the
default of the defendant according to the usual course of
things. The plaintiff was restricted by the lease in the use of
the premises, and he could not underlet without the written con-
sent of the defendant. If the plaintiff had deferred the work
of preparation for the occupancy of the property until pos-
session had been obtained, some portion of the term would
have been practically lost before the necessary equipment for
his business could have been furnished and made available.
The lessor must have known that a prudent business man
would, so far as practicable, cause the necessary fixtures to be
constructed and in readiness for use at the commencement of
the term, so that he might then promptly enter upon the suc-
cessful prosecution of the business, which it was the object of
the lease to secure to him. But the evidence discloses that the
defendant had actual knowledge that these expenditures were
contemplated and encouraged the plaintiff to make them. An
architect was employed by plaintiff to furnish the drawings
and specifications of the fixtures, and the occupant of the
store refused to allow him to make the required measurements
for that purpose. The plaintiff informed the defendant of the
situation and requested to know what he should do, saying
that he did not wish to lose time after May 1st in procuring
this work to be done, and stating the amount which he
intended in this way to expend. The defendant then went
with the plaintiff to his own architect, who had the plans of
the store, and directed him to furnish plaintiff's architect with
these plans in order that he might make the plans for the fix-
tures, which was done. If the plaintiff had then been notified
by his lessor that possession of the demised premises could not
be given as covenanted in the lease, or that it was even doubt-
ful whether it might be, it is not probable that these expendi-
tures would have been incurred, or, if they had been, the loss
could not have been imputed to the lessor's broken covenant.

The defendant must then have known that if he failed to give possession, as agreed, the plaintiff might suffer damage to the extent of the cost of the fixtures. As late as April 14th the defendant made another written lease with the plaintiff to rent him for the same term the second floor of the building, to be used in connection with the drug store, and agreed to construct an iron stairway between the floors in the rear of the store. The conduct of the defendant throughout was such as to invite these expenditures, and was equivalent to an assurance to the plaintiff that they might be incurred with safety.

It need not be questioned that the defendant acted in good faith. He evidently misjudged as to the legal effect of the transaction with the occupant, and did not understand that it created a tenancy for another year; but it was so adjudged in the proceedings brought to dispossess him, and the consequence of the defendant's mistake must be borne by him, and cannot justly be visited upon the plaintiff.

But we fail to discover any sound principle upon which the defendant can be made responsible for the plaintiff's loss upon the sale of his stock of drugs. The defendant could not have anticipated the purchase of a large invoice of perishable drugs by the plaintiff before the commencement of the term of the lease. This purchase in advance was not necessary in order that plaintiff might have the benefit of the full term in his business. The market, or place of purchase, was in the same city, and the plaintiff would have sustained no special loss if he had deferred their purchase until he had acquired possession. They could have been delivered on the same day when ordered, or the following day, in the usual course of the trade, and no material delay would have resulted. It would seem to have been the part of ordinary business prudence to have waited until he had obtained control of a place where they could be stored and offered for sale. The plaintiff, unquestionably, had the right to purchase his stock of goods before he was entitled to the occupation of the store. But if he did, we think, he assumed the risk of their depreciation in value, in case the defendant failed to give him possession. The rule

might be different if he had been compelled to send to a distant market to make his purchases, and a long time must intervene before they could be delivered.

The defendant's exceptions are sufficient to present this question upon appeal. The evidence showing the purchase and depreciation in value of the drugs was duly objected to when offered, and an exception taken. The court was requested to charge the jury that the difference between the purchase price and that realized upon the sale was not the measure of plaintiff's damages. This was refused, except as already charged, and the defendant excepted. The court had previously charged upon this point that if they found there was a breach of the covenant in the lease, it was their duty to consider the item of loss upon the sale of the drugs, and if they considered that the loss was really sustained by the plaintiff they might award him that amount as compensation. Both by the exception to the evidence and by the exception to the charge, we think the question is fairly presented for review.

The judgment and order must be reversed and a new trial granted, costs to abide the event, unless plaintiff stipulates within thirty days after the filing of the remittitur in the court below, to deduct from the judgment entered the sum of $407.48, and interest from December 18th, 1891, and five per cent extra allowance thereon; and if the plaintiff so stipulates, then the judgment, as so modified, is affirmed, without costs to either party in this court.

All concur.

Judgment accordingly.