JOHN F. BUHRMASTER, Respondent, *v.* NELSON AINSWORTH, Appellant.

*Wrongful entry — by a landlord temporarily placing ice upon the premises of his tenant — the tenant may recover the estimated expense of removing the ice — measure of damages.*

Where a tenant brings an action against his landlord for entering into an icehouse on the demised premises, and wrongfully placing therein ice of his own, which the tenant will be compelled to remove, the tenant, if he does not seek to recover the rental value of the premises, may recover, as an element of his damages, the amount which it will necessarily cost him to remove the property thus wrongfully placed on the premises. HERRICK, J., dissenting.

Where, at the time of the trial of such an action, it does not appear that the tenant has removed the ice in question or that he has replaced it by other ice, he cannot recover for his services in procuring men to fill the house in the first instance and notifying them after his eviction that they need not come for that purpose, nor can he recover the difference between what it would have cost him to fill his house when evicted and such cost at the time of the trial of the action.

APPEAL by the defendant, Nelson Ainsworth, from a judgment of the County Court of Schenectady county, entered in the office of the clerk of the county of Schenectady on the 25th day of June,

1895, modifying, and affirming as modified, the judgment of a justice of the peace.

*Frank Cooper*, for the appellant.

*Jacob W. Clute*, for the respondent.

PUTNAM, J.:

An erroneous rule of damages was adopted in the lower (justice's) court. Plaintiff's action was to recover for the wrongful entry of defendant, his landlord, on the 12th of January, 1895, on premises leased to him, and for taking possession of an icehouse thereon and filling it with ice. The action was commenced on the seventh day of February thereafter.

Plaintiff produced evidence showing that when evicted he was about to fill the icehouse, and he recovered three dollars for services in procuring men to do the work and notifying them not to come after his eviction. He was also allowed five dollars for the difference in value of ice sufficient to fill the building at the time he was so dispossessed and at the time of the trial, and ten dollars, the estimated cost of removing the ice placed in the house by defendant. It did not appear that plaintiff had removed such ice or had replaced it.

It is well settled that the damages which can be allowed in a case like this are limited to such as may be supposed to have entered into the contemplation of the parties in making the contract, and such as flow naturally from the violation of the agreement, and are certain in their nature ; speculative profits and accidental and consequential losses are not recoverable. Under the rule so stated it does not require a discussion to show that it was error to allow the first two items above specified as damages.

Ordinarily the measure of damages for an eviction is the rental value of the premises less the rent reserved. (*Dodds* v. *Hakes*, 114 N. Y. 261–265 ; *Drucker* v. *Simon*, 4 Daly, 53; *Chatterton* v. *Fox*, 5 Duer, 64 ; *Giles* v. *O'Toole*, 4 Barb. 261.

But in such a case as this, where a tenant brings an action against his landlord for entering into a part of the demised premises and wrongfully placing therein property of his own, which the tenant will be compelled to remove — in fact, for a temporary eviction or trespass — if such tenant does not seek to recover the rental value

of the premises, I see no objection to his being allowed what it will necessarily cost him to remove the property so wrongfully placed on his premises by the landlord. In such a case he elects to retain the premises and recover damages as for a trespass.

It follows that the item of ten dollars allowed plaintiff can be sustained.

The judgment should be modified by striking out the two items of three dollars and five dollars, and, as so modified, affirmed without costs to either party.

MAYHAM, P. J., concurred.

HERRICK, J. (dissenting):

I think the item of ten dollars should also be stricken out. There is nothing in the case to show that such expense will be necessarily, or even properly, incurred.

The judgment should be modified, with costs of this appeal to the appellant.

Judgment modified, and as modified affirmed, without costs to either party.