## WILLIAMSON et al. v. STEVENS et al.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. LANDLORD AND TENANT—FAILURE OF LANDLORD TO DELIVER POSSESSION—DAMAGES.

Where a landlord wrongfully withholds the demised premises, the tenant may recover, as the minimum amount of his damages, the difference between the rental value of the premises for the term leased and the rent reserved, and special damages, which are the natural, but not the necessary, consequence of the breach, if properly alleged and shown.

2. SAME—EVIDENCE—ADMISSIBILITY.

Plaintiffs being aware that curb brokers intended to locate in front of certain premises, and, knowing a great demand would arise for telephones conveniently located, secured a lease of the premises from defendants at a low rental "for the business of telephone call booths." The brokers located in front of the premises, which became valuable for the purpose specified in the lease. Defendants canceled the lease before possession was given to plaintiffs, who sued for damages. *Held*, on the issue of damages, not competent for plaintiffs to show prices paid by brokers for telephones to the curb market.

3. EXECUTORS—ACTIONS—PLEADING—DESCRIPTION OF PARTIES.

Where the fact that defendants were executor and executrix appeared from the title of the action, but it did not appear therefrom they were

---

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 453.

sued "as" executor and executrix, the words were merely descriptio personæ, and properly disregarded as surplusage.

O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Edgar M. Williamson and another against C. Amory Stevens and another, executors of Calvin Stevens, deceased. From a judgment in favor of plaintiffs, and an order denying a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Pierce, for appellants.

James A. C. Johnson, for respondents.

LAUGHLIN, J. On the 5th day of April, 1902, the defendants, as executors of the last will and testament of Calvin Stevens, deceased, executed a lease in writing to the plaintiffs of part of the lower hall of premises known as No. 39 Broad street, in the city of New York, being a space 34 inches in width and 32 feet in length "for the business of telephone call booths," and an office on the floor above for the same purpose, for the period of one year and fifteen days from the 15th day of April, 1902. The rent reserved was $600 per annum. The lease contained the following clause: "The parties of the second part (meaning the plaintiffs) are allowed to rent their space to other parties for the same business purposes." After the execution and delivery of the lease, but before the plaintiffs went into possession, and on the 12th day of April, 1902, the defendants notified the plaintiffs that they elected to cancel the lease, and would not permit the plaintiffs to occupy the premises. The action is brought to recover the damages sustained by the plaintiffs in consequence of this breach of contract. The plaintiffs allege as a basis for recovering special damages that they were obliged to pay a bonus of $500 in order to procure other premises for their business, and also allege that they sustained damages aggregating $1,500, for which they demand judgment.

Upon the trial plaintiffs offered no evidence of the special damages set up in the complaint. Counsel for the defendants, on the cross-examination of one of the plaintiffs, showed that the plaintiff subsequently hired the store floor of premises No. 52, on the opposite side of the street, and about 125 feet further down. The defendants having thus opened the door, counsel for the plaintiffs showed on redirect examination that these premises were not as convenient or suitable as the premises which they leased from the defendants, and required the employment of office boys, which would have been unnecessary had they been permitted to keep the premises leased of the defendants. No estimate was given by the witness of the difference in rental value between the premises thus actually occupied and those covered by the lease given by the defendants, nor did he specify the extra expense of messenger service. It is evident that this evidence was not received for the purpose of showing the special damages, but merely to counteract the effect of the evidence drawn out by the defendants tending to show that plaintiffs had succeeded in obtaining premises for the transaction of their business in the immediate neighborhood,

which, unexplained, might be understood as indicating that no damages had been sustained. The case, then, on the complaint and on the evidence, was one for general damages only, and this was the theory on which it was submitted to the jury by the learned trial justice, who properly instructed the jury that the plaintiffs were only entitled to recover the surplus or excess of rental value of the premises over and above the rent reserved in the lease.

In an action by a tenant against his landlord for wrongfully withholding possession of the demised premises the plaintiff is ordinarily entitled to recover as the minimum amount of his damages the difference between the rental value of the premises for the term leased and the rent reserved, such damages being the reasonable, natural, and proximate loss sustained by the tenant through the landlord's breach of contract; but recovery is not in all cases confined to this difference of rental value, which is general damages; special damages, which are the natural, but not the necessary, consequences of the breach, being also recoverable, if properly alleged and shown. Englesdorf v. Sire, 64 Hun, 209, 18 N. Y. Supp. 907; Driggs v. Dwight, 17 Wend. 71, 31 Am. Dec. 283; Chatterton v. Fox, 5 Duer, 64; Dean v. Roesler, 1 Hilt. 420; Friedland v. Myers, 139 N. Y. 432, 435, 436, 34 N. E. 1055; Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506; Dodds v. Hakes, 114 N. Y. 260, 21 N. E. 398; Oehlhof v. Solomon, 73 App. Div. 329, 333, 76 N. Y. Supp. 716; Vanderslice v. Newton, 4 N. Y. 130.

In behalf of the plaintiffs, competent evidence was given tending to show that the fair rental value of the premises for the purpose for which they were leased with the privileges granted the lessee was considerably more than the rent reserved, and this evidence was sufficient to justify the recovery of the verdict rendered by the jury. The plaintiffs were stockbrokers. They and about 200 other brokers transacted their business on the curb in front of the Stock Exchange or Mills Building on Broad street, and comprised what is known as the "Curb Market." On account of the rebuilding of the exchange, it became necessary for the curb market brokers to select another place to transact their business. The plaintiffs, being aware that the curb brokers intended to locate in front of 39 or 35 Broad street, and knowing that the use of telephones was essential in that business, and that there would be a great demand for telephones conveniently located, obtained this lease at a low rental before the defendants became aware of these facts. The brokers did locate in front of these premises about the 1st of May, and the evidence shows that the premises leased by the plaintiffs were very valuable for the purposes for which they were to be used as specified in the lease. The plaintiffs, however, were not contented to rely upon this evidence, and they persisted in introducing incompetent evidence on the question of damages, which requires a reversal. One of the plaintiffs was asked by his counsel on direct examination, "Can you state, of your own knowledge, some of the prices paid by brokers for telephones to the curb market?" This was objected to as incompetent, and not an element of damage, or alleged in the complaint. The objections were overruled, the defendants excepted, and the witness answered, "Two hundred and fifty dollars a

year." After the objections were stated and overruled, and the defendants had excepted, but before the witness answered, the record shows the following: "The Court: The question is, what is the fair value of it, not what somebody will pay as a favoring price." If the witness answered the question propounded by counsel, it was utterly incompetent. No time, place, or circumstance is shown. What some broker may have paid on some special occasion for the use of a telephone sheds no light on the question of issue. Even if the witness understood that the question was modified by the court—which is doubtful—still the evidence was not competent. In the first place, the witness did not qualify. It did not appear that he was familiar with the rental value of this or any other property there or elsewhere. Furthermore, it involves an element of special damages which were not alleged, and could not be recovered even if alleged. Both of these questions related to profits the loss of which are not the necessary consequences of the breach by the landlord. Before such profits could be realized, it would be necessary to erect telephone booths, the expense of which was not shown. The plaintiff in such an action would not be entitled to show affirmatively how many telephone booths he could construct in the space rented, and what rental he could probably obtain therefor even if he showed the cost of construction. These are matters that might be taken into consideration by a witness in giving his opinion of the rental value of the property for telephone purposes; but the question to be determined was, what was the fair rental value of the premises for such purpose in the condition in which they were? In determining that question the jury would have a right to consider the demand for the use of the premises for telephone purposes. An important element in this consideration was the fact that the curb market was located on the sidewalk in front. An expert, in giving his opinion as to this rental value, would have a right to take into consideration all these elements. But to allow the plaintiffs to show affirmatively and recover the amount they would have received by constructing and renting telephone booths in the space leased, would be to allow a recovery of their profits upon the business to be transacted in the premises as distinguished from the fair rental value of the premises, and this is not permissible. Dodds v. Hakes, supra; Giles v. O'Toole, 4 Barb. 261; Lawrence v. Wardwell, 6 Barb. 423; Lattin v. Davis, Hill & D. Supp. 9.

If the defendants had leased to the plaintiffs a vacant lot for a term of years, and then refused to give possession, it is quite clear that the plaintiffs would not be permitted to show affirmatively the rentals that they could obtain by a certain outlay of money in erecting buildings on the premises. They could show the existing facts, the availability and adaptability of the premises and demand therefor, but they would then be confined to showing the rental value of the premises as vacant land, not with contemplated improvements thereon. The same principle applies here.

The appellants strenuously urge that they have been sued in their representative capacity, and that, therefore, the action cannot be maintained. Since this question will in all probability arise on the new trial, which is necessitated on account of the error already pointed out,

it requires consideration. That these defendants are executor and executrix is shown in the title of the action, but it does not appear therefrom that they are sued "as" executor and executrix. The words are, therefore, merely descriptio personæ, and may be disregarded as surplusage. United Press v. Abel Co., 73 App. Div. 240–243, 76 N. Y. Supp. 692; Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58; Stilwell v. Carpenter, 2 Abb. N. C. 238; Id., 62 N. Y. 639; Beers v. Shannon, 73 N. Y. 292; Merritt v. Seaman, 6 N. Y. 168. In order to determine whether the defendants are sued in their representative capacity, the title, allegations, and demand are to be considered as a whole. First Nat. Bank v. Shuler, 153 N. Y. 163, 173, 47 N. E. 262, 60 Am. St. Rep. 601. The suit is not founded on an obligation of the testator. It is based on an executory contract, made by his executors, although authorized by the will. They are, therefore, only liable individually. O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238; Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843. There is nothing in the demand to indicate that the plaintiffs seek to hold the defendants in their representative capacity. The demand is merely for judgment against the defendants. Nor do we find anything in the allegations of the complaint indicating an intention to hold the defendants in their representative capacity. It was proper to allege that defendants were executors, and necessary to allege that they made the lease in that capacity, in order to identify the instrument upon which their liability depended, and establish a cause of action against them individually. The court therefore properly ruled that the action is against the defendants individually.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except, O'BRIEN, J., who dissents.