CHANSKY v. WILLIAM CONST. CO.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. LANDLORD AND TENANT (§ 48*)—BREACH OF LEASE—MEASURE OF DAMAGES.

In an action for a landlord's breach of a contract to lease, in refusing to permit the tenant to assume possession, the tenant's measure of damages is the difference between the rental value of the premises and the rent reserved, plus any actual and necessary expenses incurred by the tenant to occupy the premises, fairly within the contemplation of the parties.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 114–116; Dec. Dig. § 48.*]

2. LANDLORD AND TENANT (§ 48*)—BREACH OF LEASE—ELEMENTS OF DAMAGE —RENTING OTHER PREMISES.

In an action for a landlord's breach of a contract to let business property, evidence that the tenant, in contemplation of occupying the premises, had paid $22 for rent of apartments in the neighborhood of defendant's store was inadmissible, as not a proper element of damage.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 114–116; Dec. Dig. § 48.*]

3. EVIDENCE (§ 543*)—EXPERTS—QUALIFICATIONS.

A witness was not entitled to testify as an expert as to the rental value of a store, where he was shown to have had no dealings in store property in that locality and had no basis for an opinion as to its value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Aaron Chansky against the William Construction Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Louis Jersawitz, of New York City, for appellant.

Sohmer & Sonnenthal, of New York City (Adolph Sonnenthal, of New York City, of counsel), for respondent.

PAGE, J. The action was brought to recover damages for breach of an oral lease. The plaintiff proved that the defendant's agent ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cepted a deposit of $10 for a lease of a store to the plaintiff for one year at $60 per month, and that a few days thereafter the defendant refused to permit the plaintiff to move into the premises, and refused to rent them to him because his insurance rates would be increased on account of the nature of the plaintiff's business.

[1] The plaintiff's measure of damages for this breach was the difference between the rental value of the premises and the rent reserved in his agreement with the defendant. It has also been held that in such a case the tenant may recover his actual and necessary expenses incurred in preparation for the occupation of the premises, but only such as were fairly within the contemplation of the parties. Friedland v. Myers, 139 N. Y. 432, 34 N. E. 1055.

[2] The plaintiff was allowed over the objection of the defendant to show as items of damage $22 which he had paid for rent of hiring apartments in the neighborhood of the store which he had rented. This was clearly not within the contemplation of the parties, and it was error to allow the jury to consider it as an item of damage.

[3] The learned trial justice also committed error in allowing the plaintiff's expert to testify as to the rental value of the property, in spite of the fact that he showed that he had had no dealings in store property in that locality, and had no basis for an opinion as to its value.

The judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.