NELLIE BURKHARD, Respondent, *v.* JENNIE MORRIS, Appellant.

Fourth Department, October 3, 1923.

Landlord and tenant — action by lessee against lessor for failure to deliver
  possession — measure of damages is difference between rent reserved and
  rental value plus special damage alleged and proven — special damages
  based on surrender of premises not shown — only damages proven were
  deposit made and cost of moving.

The measure of damages in an action by a lessee against a lessor based· on the fail-
  ure to deliver possession of the leased premises is the difference between the rent
  reserved in the lease and the rental value of the premises plus any special dam-
  ages which are the natural but not the necessary consequences of the breach and
  which are properly alleged and proven.

The only interest which the plaintiff had in the premises surrendered by her after
  she entered into the lease with the defendant was as tenant from month to
  month, and since there was no proof of any facts which would be a basis for the
  loss of profits based on her surrender of the premises from which she removed,
  she is not entitled to special damages therefor, and, therefore, plaintiff is limited
  to a recovery of the amount of the deposit made by her and the expense of
  moving.

APPEAL by the defendant, Jennie Morris, from a judgment
of the County Court of the county of Erie in favor of the plaintiff,
entered in the office of the clerk of said county on the 24th day
of February, 1923, upon the verdict of a jury, and also from an

order entered in said clerk's office on the 27th day of February, 1923, denying defendant's motion for a new trial made upon the minutes.

*McIntyre, Wilkie & Swartz* [*Bernard Swartz* of counsel], for the appellant.

*William J. Bullion*, for the respondent.

PER CURIAM:

The action is by a lessee against a lessor for damages for failure to deliver possession of the leased premises.

The general rule of damages in such a case is the difference between the rent reserved in the lease and the rental value of the premises, the latter to be fixed by one qualified to testify as an expert upon rental values of premises of the kind leased in that general vicinity. (*Dodds* v. *Hakes*, 114 N. Y. 260; *Berkowitz* v. *Iorizzo*, 106 Misc. Rep. 489, 493.) Special damages which are the natural but not the necessary consequences of the breach are also recoverable if properly alleged and shown. (*Friedland* v. *Myers*, 139 N. Y. 432; *Williamson* v. *Stevens*, 84 App. Div. 518.) The expense of moving amounting to ninety dollars and the deposit of twenty-five dollars were the only items of damage proved within the foregoing rules. The only interest which plaintiff had in the premises surrendered by her after she had secured the lease in question was as tenant from month to month. There was no proof of any facts which would be a basis for the loss of profits as special damages. (*Giles* v. *O'Toole*, 4 Barb. 261.)

The judgment should be reversed upon the law and the facts and a new trial granted, with costs to the appellant to abide the event, unless the respondent stipulates within ten days after service of the order hereon to reduce the verdict to $115 and interest; in which case the judgment as modified should be affirmed, without costs.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event, unless the plaintiff shall within ten days stipulate to reduce the verdict, as of the date of the rendition thereof, to the sum of $115, with interest thereon from February 24, 1923, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party.