■ HIDDEN PONDS OF ONTARIO, INC., Appellant-Respondent, v ESTATE OF GREGORY HRESENT, Deceased, Respondent-Appellant. (Appeal No. 1.) [656 NYS2d 1024] —Appeals unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeals from Judgment of Supreme Court, Wayne County, Strobridge, J.—Damages.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.

■ HIDDEN PONDS OF ONTARIO, INC., Appellant-Respondent, v ESTATE OF GREGORY HRESENT, Deceased, Respondent-Appellant. (Appeal No. 2.) [654 NYS2d 532] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly rejected defendant's counterclaim for unpaid rent and counsel fees. The court's determination that defendant breached the covenant of quiet enjoyment is supported by the record (*see, Hidden Ponds v Hresent* [appeal No. 2], 209 AD2d 1025). Because plaintiff was justified in abandoning the premises, defendant is not entitled to unpaid rent for the remainder of the lease term (*see generally*, 74 NY Jur 2d, Landlord and Tenant, § 369) or counsel fees.

Further, the court properly determined that plaintiff was entitled only to nominal damages of $1 (*see, Sears, Roebuck & Co. v 9 Ave. 31-St. Corp.*, 274 NY 388, 403, *mot to amend remittitur granted* 274 NY 636; *see generally*, 74 NY Jur 2d, *op. cit.*, § 270). A tenant may recover special, or consequential, damages for breach of the covenant of quiet enjoyment "provided they are proximate in effect, and are not speculative or uncertain in character and were fairly within the contemplation of the parties when the lease was made, or might have been foreseen as a consequence of a breach of its covenants" (*Friedland v Myers*, 139 NY 432, 436; *see generally*, 74 NY Jur 2d, *op. cit.*, § 271). Thus, where a landlord breaches the covenant by

failing to deliver possession, the tenant may recover the start-up costs for alteration or repair of the premises or for moving into the premises (*Friedland v Myers, supra*; *see generally*, 74 NY Jur 2d, *op. cit.*, § 271). Defendant delivered possession, and more than one year elapsed before plaintiff abandoned the premises because of the breach. Under the circumstances, plaintiff did not sustain damages related to start-up costs, and, in any event, plaintiff failed to establish that it suffered damages for any expenditure it made for start-up costs. Further, plaintiff failed to establish that it sustained damages proximately caused by the breach at the time it abandoned the premises. It submitted no proof of the depreciated value of equipment or supplies removed from the premises at the time of abandonment and failed to establish that it suffered a loss of profit.

The court erred, however, in awarding costs to plaintiff. The action, but for the amount of damages claimed, could have been commenced in Wayne County Court. Plaintiff did not recover damages in excess of $500 and, thus, CPLR 8102 (2) precludes an award of costs. Nevertheless, the court may award disbursements even though plaintiff is not entitled to costs (*see*, CPLR 8301 [c]). Thus, we modify the judgment by vacating the award of costs in the sum of $700. (Appeals from Judgment of Supreme Court, Wayne County, Strobridge, J.—Damages.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.