■ HIDDEN VALLEY COMPANY, Appellant, v IRIN M. PARIS, Defendant, and IRVING A. GARSON, Respondent. — In an action by a joint venture against two of the venturers for their pro rata share of additional capital contributions allegedly due from them under a joint venture agreement, plaintiff appeals from an order of the Supreme Court, Rockland County (Marbach, J.), dated July 2, 1982, which granted defendant Garson's motion to dismiss the complaint as to him. Order reversed, with costs, and motion denied. The action was brought by Hidden Valley Company, a joint venture, against two joint venturers to recover their pro rata portion of additional capital contributions demanded of the joint venturers, largely because of a judgment entered against the joint venture. Only respondent Garson and a codefendant failed to make their contributions to enable the joint venture to pay the judgment. Article 2 of the parties' written agreement is entitled *"Capital Contributions"*. Section 2.04 of that article provides in pertinent part: *"2.04* At such time as it reasonably appears that the Joint Venture requires contributions to capital, the Agent may require contributions of additional capital in the proportions set forth in Schedule B by sending a written request at least ten (10) days prior to the date upon which such amount must be contributed. (a) In the event that a Venturer does not contribute his proportionate amount of required capital (the Non-contributing Venturer) the contributing Venturers may *at their option:* (i) loan such sum to the Joint Venture on behalf of the non-contributing Venturer and receive therefor the note of the Joint Venture, due on demand with interest payable quarterly at the maximum legal rate; or (ii) cause the Joint Venture, directly or through a corporate nominee, to borrow from any lender, such sum as may be needed to meet the obligation of the non-contributing Venturer; Any loan so obtained, together with the maximum legal rates of interest thereon and all expenses relating to such loan shall be charged against the capital account of the non-contributing Venturer. (b) In the event that the non-contributing Venturer shall make his contribution after the contributing Venturer(s) have loaned funds, or caused funds to be loaned, to the Joint Venture under (a), the loan so obtained shall be repaid together with interest accrued and all expenses incurred. (c) In the event that the non-contributing Venturer does not contribute such required capital within thirty (30) days of receipt of such notice, the non-contributing Venturer shall be deemed to have offered to sell his interest in the Joint Venture to the Joint Venture, or the contributing Venturer(s)" (emphasis added). Respondent moved to dismiss plaintiff's complaint as against him pursuant to CPLR 3211 (subd [a], pars 1, 7). In support of that motion respondent's attorney averred, *inter alia,* that: "The plaintiff is restricted in remedy to the terms of the 'Joint Venture Agreement'; defendant Garson's interest must be sold as per § 2.04(c) above * * * Therefore, plaintiff's complaint must be dismissed as per CPLR 3211 (1) [sic], as defendant has set forth in an absolute restriction/defense as set forth in plaintiff's own documentary evidence and/or as per § 3211 (7) [sic] as plaintiff has failed to set forth a cause of action upon which relief may be granted". In

granting the motion, Special Term stated with respect to the section 2.04 options: "It is clear on these papers that none of these options were pursued and the complaint fails to allege otherwise. Under the agreement, the Venture is not given the right to sue the non-contributor for his contribution. If that option were available, it would mean that no venturer would have the opportunity to withdraw from the Venture should he be unable to contribute additional capital or elect not to. No intent to so bind the venturers can be gleaned from a reading of the agreement; indeed, an intent to provide an 'escape mechanism' is manifest." Nothing in the written agreement precluded the instant action for respondent's pro rata share of additional capital contributions required and demanded. The agreement is ambiguous and does not contain any express bar to such an action or any statement that section 2.04 provides the *exclusive* remedy with respect to the subject of capital contributions to the venture. Such statement of exclusivity or remedial bar could have been, but was not, set forth in article 2 of the joint venture agreement. In this connection, we note that among the signatories to that agreement was Robert Granik, for and on behalf of the law firm of Granik, Garson (defendant), Silverman & Nowicki, from which firm respondent later withdrew. Moreover, article 8 of the joint venture agreement, entitled *"Termination"*, provides in pertinent part: *"8.04* The rights of the Non-Withdrawing Parties under this ARTICLE 8 shall not be exclusive remedies, if any, which may be available to them at law or in equity." Although article 2 governing capital contributions does not contain an analogous or parallel provision, the most fair and reasonable construction of the written agreement as a whole is that the "options" referred to in section 2.04 — the options which contributing venturers "may" exercise — merely provide alternatives to "the remedies * * * which may be available to them at law or in equity" (see *Schuler v Birnbaum,* 62 AD2d 461). In *Tobin v Union News Co.* (18 AD2d 243, 245, affd 13 NY2d 1155) the Appellate Division, Fourth Department, noted: "When an ambiguity arises from a written agreement, the intention of the parties must be ascertained in the light of the surrounding facts and circumstances. Parol evidence is admissible for this reason (*O'Neil Supply Co.* v. *Petroleum Heat & Power Co.,* 280 N. Y. 50, 56). In construing a contract, due consideration must be given to the purpose of the parties in making the contract (4 Williston, Contracts [3d ed.], § 619, pp. 730-733), and wherever possible, the agreement should be given a fair and reasonable interpretation (*Aron* v. *Gillman,* 309 N. Y. 157, 163; *Frank Associates* v. *Ryan & Sons,* 281 App. Div. 665)". Under the surrounding facts and circumstances of this case, respondent's motion to dismiss should have been denied. Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.