OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs (see, 111 AD2d 49). The certified question is answered in the affirmative.
Defendant appeals from an order denying its motion to dismiss plaintiffs first and second causes of action sounding in contract. The motion is based solely on CPLR 3211 (a) (7), failure to state a cause of action.
Plaintiffs complaint alleges that defendant, acting through its Department of Housing Preservation and Development (HPD), after considering its response to the city’s request for proposals, entered into designation agreements selecting plaintiff exclusively to negotiate the terms and conditions of a land disposition agreement (LDA) for the sale and development of the city’s Washington Street Urban Renewal Areas and that by the terms of that agreement the defendant undertook to cooperate with plaintiff in developing the LDA for eventual submission and approval of the agreement and approval of the sale of the land to plaintiff by the Board of Estimate. Plaintiff further alleges that it performed all the terms and conditions imposed upon it by the designation agreements but that defendant failed to perform its part of the contract when, without good cause and acting in bad faith, it "dedesignated” plaintiff. Plaintiff alleges that it expended substantial sums of money in negotiating with HPD, and in preparing the LDA and it seeks damages for the sums so expended and for damages resulting from the loss of the sites.
We agree with the Appellate Division majority that the causes of action are sufficiently pleaded. The claims rest upon alleged breach of the obligation undertaken by defendant to *992 cooperate with plaintiff so that it could prepare the necessary LDA not only for HPD and Uniform Land Use Review Procedure approval but also for subsequent submission to the Board of Estimate. That being so, it is immaterial that the city might, for legitimate reasons, have refused to continue negotiations, that only the Board of Estimate was authorized to finally approve the LDA or convey the sites, or that HPD could "dedesignate” plaintiff before the LDA was ever approved by it or the Board of Estimate. These considerations might well be pertinent to a motion addressing the merits but are not dispositive on a motion addressed to the face of the pleadings. The allegation is that defendant acted without cause and for improper motives in "dedesignating” plaintiff in violation of its good-faith contractual obligation to cooperate.
It is doubtful that plaintiff can establish a right to recover damages resulting from defendant’s failure to sell the sites or to approve an LDA since no agency with the authority to act on behalf of the city in doing so was bound by the designation agreement. What the city did undertake to do, however, acting through HPD, was to cooperate with plaintiff in the extensive and expensive preparations and negotiations leading to submission and approval of the LDA. It is no answer that the contract provided that defendant could terminate the contract for various reasons or that plaintiff undertook the planning at its "sole risk, cost and expense”. Plaintiff did not assume the risk of bad faith by defendant or of its unexcused breach of its contract obligation. Similarly immaterial on a motion addressed to the sufficiency of the pleading is defendant’s claim that plaintiff cannot recover all of the items of damage claimed.