■ CEDRIC KUSHNER, Appellant, v DON KING et al., Respondents.—Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered October 28, 1985, which denied plaintiff's motion for reargument and renewal of the court's prior order granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously

reversed, on the law, to grant the motion for reargument and renewal and, upon renewal, to deny defendant's motion and reinstate plaintiff's first cause of action, without costs.

Defendant Don King Productions, Inc. (DKP) contracted with one Nick Rattenni "to sell my right to promote a fight between Gerrie Coetzee and Larry Holmes" for $7,500,000, by a letter agreement dated February 8, 1984, which is annexed as an exhibit to the complaint. $750,000, was to be paid upon acceptance of the offer, and the balance, $6,750,000 was to be paid one day after the fight. By separate letter agreement, dated the same day a copy of which is also annexed as an exhibit to the complaint, DKP agreed with Rattenni that "in the event you are successful in effecting a sale of my rights for the amount stated in the letter, I agree to pay you 30% of the net amount received by me after Coetzee's purse and expenses and also to pay 30% of said net amount after Coetzee's purse and expenses to Cedric Kushner".

The complaint alleges that an agreement was reached, pursuant to these documents, for sale of DKP's rights to an entity named JPD Sports, Inc. and that DKP received a nonrefundable deposit of $750,000 from JPD Sports, Inc. The Holmes-Coetzee bout was canceled and the balance of $6,750,000 was not paid. The complaint further alleges, in its first cause of action, that pursuant to the agreement DKP owes Kushner 30% of the $750,000 it received and has retained for sale of its rights, and an additional 30% to Rattenni, and that Rattenni assigned his rights to 30% to Kushner.

Special Term granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and denied plaintiff's subsequent motion for reargument and renewal. The court in effect interpreted the contracts to include, as a condition precedent to plaintiff's entitlement to receive any payments, a provision that a sale of the rights had to take place *and* that the fight had to take place, and the court made a factual determination that both of these events did not take place.

However, in considering a motion pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action, and therefore if from its four corners factual allegations are discerned which if taken together can manifest any cause of action, a motion for dismissal must fail. *(E.g., Guggenheimer v Ginzburg,* 43 NY2d 268, 275.) When evidentiary material is considered, unless it has been shown that no significant dispute exists regarding a material fact claimed by the pleader, dismissal should not be granted. *(Supra.)* Here,

there are significant disputes as to the facts and a cause of action is stated. Plaintiff alleges that the payment of $750,000 by JPD Sports to DKP was a sale of the "promotional rights" regardless of the fact that the bout did not take place. The language of the two contracts, appended as exhibits to the complaint, is not entirely unambiguous on this point and may be possible of various interpretations. Accordingly, it was improvident and premature for Special Term to dismiss the first cause of action at this early stage in the context of a CPLR 3211 motion. Concur—Kupferman, J. P., Ross, Rosenberger and Ellerin, JJ.