■ LONG ISLAND LIGHTING COMPANY, Respondent, v COUNTY OF SUFFOLK, Appellant.—In an action to recover damages for

breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 21, 1988, which denied its motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The instant action concerns the alleged failure of the defendant County of Suffolk to fulfill a contractual obligation to prepare an emergency evacuation plan for the plaintiff Long Island Lighting Company (hereinafter LILCO). Accepting as true the allegations of LILCO's complaint on this motion pursuant to CPLR 3211 (a) (7) to dismiss *(see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506; *Kushner v King,* 126 AD2d 466), and without expressing any view as to the ultimate merits of the claim, we agree with the Supreme Court's determination that the complaint contains sufficient factual allegations to state a cause of action sounding in breach of contract *(see, Goodstein Constr. Corp. v City of New York,* 67 NY2d 990). The county's contentions that LILCO's contract claim impermissibly interferes with its exercise of police power and is barred by the doctrine of sovereign immunity are not dispositive on a motion addressed to the face of the pleadings, but may appropriately be considered on a motion pursuant to CPLR 3212 addressed to the merits or upon a trial of the action.

We have considered the county's remaining contention and find it to be without merit. Brown, J. P., Kunzeman, Sullivan and Ritter, JJ., concur.