■ FIRST WALL STREET SETTLEMENT CORPORATION, Respondent, v L. RICHARD HART et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendant. (Action No. 1.) L. RICHARD HART et al., Appellants, v PRUDENTIAL-BACHE SECURITIES, INC., et al., Respondents. (Action No. 2.)—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 24, 1991, which awarded plaintiff the sum of $117,489.39 inclusive of interest in Action No. 1, dismissed the third-party complaint in Action No. 1, and dismissed the complaint in Action No. 2, based on an order of the same court, dated July 14, 1991, disposing of various motions for summary judgment, unanimously modified, on the law, without costs, to provide that calculation of interest on the award shall commence June 10, 1982 instead of June 16, 1978, and otherwise affirmed.

It is undisputed that plaintiff First Wall Street's delivery to defendants' securities account of the shares of Redcor Corporation stock, rather than that of Redcon Gold Mines Limited, was a mistake, and that defendants knowingly received value far in excess of that which they were rightfully entitled to. Defendant L. Richard Hart, a former chief financial officer, has engaged in highly sophisticated forms of trading since 1950, and was no novice to the ways of the market.

The record establishes that all proceeds of the sale of the misdelivered Redcor stock have been retained by defendants, and remain capable of delivery to plaintiff. The existence of the funds in defendants' account would therefore preclude, as a matter of law, any defense to plaintiff's claims, and summary judgment to the plaintiff and third-party defendant was properly granted. The rule permitting a person to recover

money paid by mistake has its underpinning in unjust enrichment, and applies even if the mistake is due to the payor's own negligence *(Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113, 117, *lv denied* 77 NY2d 803; *Merrill Lynch, Pierce, Fenner & Smith v Arcturus Bldrs.,* 159 AD2d 283). Nor can it be said that the IAS Court abused its discretion in assessing interest, particularly in view of plaintiff's clear right to the proceeds (CPLR 5001). However, as conceded by plaintiff at oral argument, interest should have been awarded from June 10, 1982, when plaintiff informed defendants of the error and requested return of the monies received from their sale of the Redcor stock, rather than June 16, 1978, when the Redcor stock was first received in defendants' account. We have considered defendants' other arguments, and find them to be without merit. Concur—Carro, J. P., Ellerin, Asch and Rubin, JJ.