■ SAMUEL H. MARCUS et al., Appellants, v HEMPHILL HARRIS TRAVEL CORPORATION et al., Defendants, and ROBERT SARNOFF et al., Respondents. [598 NYS2d 195] —Order of the Supreme Court, New York County (William J. Davis, J.), entered on October 20, 1992, which granted the motion by defendants Robert Sarnoff and Steven Baum for dismissal of the second amended complaint pursuant to CPLR 3211 for failing to state a cause of action and denied plaintiffs' cross-motion for a continuance to permit further discovery or, alternatively, for leave to amend the complaint as against Sarnoff and Baum, is unanimously reversed on the law, the facts and in the exercise of discretion, defendants' motion to dismiss denied and plaintiffs' cross-motion for additional discovery granted, without costs or disbursements.

In this class action by aggrieved consumers who purportedly purchased undelivered travel packages from defendants, the Supreme Court granted dismissal of plaintiffs' first cause of action for breach of contract, third cause of action for breach of fiduciary duty, fourth cause of action for conversion, fifth

cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1962 [c], [d]), sixth cause of action for gross negligence for violation of General Business Law §§ 349 and 350, eighth cause of action for false advertising and/or deceptive business practices in violation of General Business Law §§ 349 and 350, ninth cause of action for failure to register as travel promoters under article 2.5 of the California Business and Professions Code (§§ 17540-17540.13), tenth cause of action for breach of California's Uniform Fraudulent Conveyance Act and New York's Debtor and Creditor Law § 270 *et seq.* for fraudulent conveyances and the thirteenth cause of action for injunctive relief.

However, it is axiomatic that in considering a motion to dismiss pursuant to CPLR 3211, the court must assume as true the facts alleged in the complaint *(Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *Wieder v Skala,* 80 NY2d 628). Where, as in the situation herein, the various claims are sufficiently pleaded on their face, dismissal for failure to state a cause of action is unwarranted *(see, Goodstein Constr. Corp. v City of New York,* 67 NY2d 990), particularly since plaintiffs have not yet been accorded the opportunity to complete discovery as to critical facts in the exclusive possession of defendants. Accordingly, dismissal of the greatest portion of the second amended complaint was, at the very least, premature. Concur—Milonas, J. P., Ellerin, Asch, Kassal and Rubin, JJ.