■ NAOMA CREMEEN, Individually and as Mother and Natural Guardian of AMBER CREMEEN, Also Known as AMBER N. CREMEEN, and Another, Infants, et al., Respondents, v CLIFF L. CREMEEN et al., Defendants. HARRY I. KATZ, Nonparty Appellant. [607 NYS2d 37] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 15, 1992, which *sua sponte* reduced the attorney's fee paid to appellant by $11,000 and directed him to deliver a check made out in that amount to the offices of plaintiff's new counsel, unanimously reversed and vacated, on the law, without costs.

The underlying action for personal injuries was settled by a

compromise order entered on July 8, 1991. Appellant represented plaintiffs in that action, including infant plaintiff Amber Cremeen. Pursuant to the compromise order, a number of checks were to be issued, each payable to both plaintiff Naoma Cremeen, Amber's mother, in her capacity as representative for the infant plaintiff, and to one of several specified New York banks. The order also provided that the checks were to be deposited in the payee banks for the benefit of the child. Naoma Cremeen, who wished to deposit the checks in Mississippi, where she resides, sought new counsel in Mississippi and, subsequently, in New York, to help her obtain permission to deposit the checks in Mississippi. According to Ms. Cremeen, she sought new counsel because appellant refused to help her accomplish this purpose.

Pursuant to an order issued by the Mississippi courts, some of the funds were transferred to that State, but several of the New York banks upon which the checks were drawn declined to honor the Mississippi order, which contradicted the terms of the New York order, which required deposit in New York. As to these checks, plaintiff's representative failed to deposit them at all, and they remained undeposited when new counsel moved to amend the order to permit deposit of the funds in Mississippi. As a result, the funds represented by those checks failed to earn interest between the date they were issued and the date of the instant proceeding.

In the context of this proceeding the IAS Court *sua sponte* charged appellant with the amount lost in interest by the failure to timely deposit the checks and ordered that he pay that sum to the mother for the benefit of the infant plaintiff. We find that this was error. The infant plaintiff's mother does not contend that appellant ever suggested that the checks be retained without being deposited. Not only the infant plaintiff's mother, but her new attorneys were aware that the checks had not been deposited. Under these circumstances, it is inappropriate to charge defendant with responsibility for the failure to timely deposit the checks. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.