■ HERMAN GOLDSMITH et al., Appellants, v METROMEDIA FIBER NETWORK, INC., et al., Respondents. [740 NYS2d 612]

—Judgment, Supreme Court, New York County (Charles Ramos, J.), entered April 6, 2001, dismissing the complaint and bringing up for review an order, same court and Justice, entered April 3, 2001, which granted defendants' motions for dismissal of the complaint for failure to state a cause of action and on the basis of documentary evidence, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Since the subject agreement is unambiguous on its face (*see, Reiss v Financial Performance Corp.*, 97 NY2d 195), it may be construed as a matter of law on a CPLR 3211 (a) motion (*cf., Kushner v King*, 126 AD2d 466, 468). Even giving the pleadings every favorable inference (*see, McGill v Parker*, 179 AD2d 98, 105), we are compelled to conclude that documentary evidence relied upon by defendants conclusively establishes the defense contention (*see, Scott v Bell Atl. Corp.*, 282 AD2d 180, 183, *lv granted in part* 97 NY2d 698) that no reasonable reading of the subject agreement permits the construction urged by plaintiffs. The construction proposed by defendants, on the other hand, is consistent with the agreement as a whole and the parties' purpose (*see, Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383), as well as with common sense (*see, Northville Indus. Corp. v National Union Fire Ins. Co.*, 89 NY2d 621, 633). Leave to replead or conduct discovery is not appropriate. Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.