■ DIANA LOCKE, Appellant, v SHERRELL J. ASTON, M.D., et al., Respondents. [767 NYS2d 23]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 5, 2002, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, so as to reinstate the cause of action for breach of contract, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 11, 2003, which denied plaintiff's motion to renew, reargue and amend the complaint, unanimously dismissed, without costs.

The motion court properly dismissed plaintiff's defamation cause of action on the ground that defendant's statements that plaintiff did "substandard" work and that the manuscript was "not up to standard" are constitutionally protected opinion (see *Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]; *Jaszai v Christie's*, 279 AD2d 186 [2001]). However, the court erred in holding at this stage of the litigation that the parties' April 30, 2001 collaboration agreement is neither incomplete nor unambiguous.

It is axiomatic that in considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), the court must accept as true the factual averments of the complaint without expressing an opinion as to whether the truth of the allegations can ultimately be established (see *Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 318 [1995]). The instant complaint adequately alleges that the April 30, 2001 agreement was one of a series of oral and written agreements that reflect the parties' understanding. Indeed, according to the complaint, both parties performed under a February 1999 oral agreement before any other agreements were signed.

In addition, defendant acknowledges that the April 30 agreement does not preclude remedies for which it does not expressly provide, thereby conceding that the agreement is not complete. Paragraph 6 of the agreement provides that, "if the collaboration is unsuccessful," text written by defendant shall revert to him and text written by plaintiff shall return to her, but there is no language indicating that reversion of their respective intellectual property rights is intended to be the sole remedy in the event of a breach by one of the parties or that plaintiff waived all her rights in the event of a breach. Indeed, defendant asserts that remedies for breach "would absolutely exist" if, for instance, future profits were not split as required by the agreement.

Moreover, the term, "if the collaboration is unsuccessful," is ambiguous. The motion court declared that "Dr. Aston no longer collaborates with Ms. Locke; the collaboration is unsuccessful." However, the term "unsuccessful" is susceptible of other meanings (*cf. Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 355 [1978] [a contract is unambiguous if its language has "a definite and precise meaning, unattended by danger of misconception in the purport of the (agreement) itself, and concerning which there is no reasonable basis for a difference of opinion"]).

The court rejected plaintiff's argument that the term refers to the parties' inability to find a publisher, on the ground that when they entered into the agreement the parties had already signed a publishing contract with HarperCollins. However, the publishing contract, which is expressly referred to in the April 30 agreement, provides numerous grounds for the publisher to refuse to publish, and indeed HarperCollins did not agree to go forward until May. The publishing contract required the manuscript to be "acceptable" to the publisher and allowed the publisher to terminate if it did not deem the manuscript acceptable. It also provided for the publisher's control of all details of publication, including pricing, advertising and promotion of the book. These provisions, and others, made it possible for the parties' collaboration to be "unsuccessful" even after the publishing contract was signed and even if the parties did not breach their obligations to each other. Thus, it is not clear that paragraph 6 of the April 30 agreement was intended to apply in the event that one party did in fact breach his obligations to the other.

The motion court also erred in dismissing the breach of contract cause of action on the additional ground that plaintiff's allegation of lost profits is unduly speculative. That such damages must be capable of measurement with reasonable certainty

does not require either absolute certainty or mathematical precision (*Ashland Mgt. v Janien,* 82 NY2d 395, 403 [1993]). Plaintiff alleges facts from which an approximation based upon known reliable factors could be made without undue speculation (*id.*). We note that she also alleges damages for expenses advanced. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.