■ SUTTON MADISON, INC., Appellant, v 27 EAST 65TH STREET OWNERS CORP., Respondent. [779 NYS2d 461]—

Judgment, Supreme Court, New York County (Jane Solomon, J.), entered February 26, 2004, after a hearing, in favor of defendant residential ground lessee on its counterclaim for specific performance compelling plaintiff commercial ground lessee to execute a certain mortgage commitment obtained by defendant, and bringing up for review (1) an order, same court (Eileen Bransten, J.), entered December 19, 2003, which, upon defendant's motion for summary judgment on its counterclaim, determined that the liquidated damages clause in the parties' agreement is not defendant's exclusive remedy for plaintiff's refusal to sign the mortgage commitment, severed the counterclaim and directed an immediate trial on the issue of whether damages would be an adequate remedy on the counterclaim, and (2) an order, same court (Eileen Bransten, J.), entered January 26, 2004, which, insofar as appealable, denied plaintiff's motion to vacate the December 19, 2003 order on the ground that defendant had withheld relevant facts from the motion court, unanimously affirmed, with costs.

The subject agreement gives defendant exclusive authority to obtain new or replacement financing secured by a mortgage against the parties' joint leasehold interests in the building. The agreement further provides that plaintiff must cooperate with defendant's efforts to obtain such financing by, inter alia, "executing any and all mortgage or other loan documents required by any lender to be executed." While plaintiff could object to financing that imposed greater restrictions on its ability to operate the commercial space than those imposed by defendant's then current financing arrangement, disputes in that regard were to be submitted to arbitration, which, if decided in defendant's favor, would revive plaintiff's obligation to sign any necessary loan documents. The agreement then provides as follows: "If [plaintiff] fails for any reason to execute the commitment or loan document [after such arbitration], [plaintiff] agrees that as liquidated damages for such default, any nondisturbance agreement benefitting [plaintiff] with respect to the loan documents in effect at the time of such default shall immediately and without further notice be deemed to be void and of no further force and effect." Invoking this clause, plaintiff has refused

to sign a mortgage commitment obtained by defendant, notwithstanding confirmation of an arbitration award rejecting plaintiff's objections to the commitment.

We reject plaintiff's argument that defendant's exclusive remedy for plaintiff's refusal to sign the commitment is plaintiff's forfeiture of the nondisturbance agreement that presently benefits it. Plaintiff does not show how such a forfeiture would achieve defendant's procurement of the financing it needs; the parties' agreement does not explicitly state that such a forfeiture was to be defendant's sole remedy; and, as the motion court stated, to so interpret the parties' agreement would be to thwart their clearly expressed intent to secure plaintiff's cooperation with defendant's efforts to obtain financing (see Rubinstein v Rubinstein, 23 NY2d 293, 297-300 [1968]). Indeed, the wording of the clause strongly suggests that it was plaintiff who was acceding to defendant's demand, not the other way around. Clearly this liquidated damages clause was serving the typical purpose of such a clause "to induce performance by making delay or breaches unprofitable" (id. at 299).

We also reject plaintiff's argument that defendant has "unclean hands," and therefore is not entitled to equitable relief, because it did not advise the motion court that it had approved a special assessment of its cooperative shareholders in an effort to raise some of the financing it needs. As the motion court stated in denying plaintiff's motion pursuant to CPLR 5015 (a) (3) to vacate the order directing a hearing on the adequacy of damages, the special assessment is relevant not to whether the parties had agreed to make the liquidated damages clause defendant's exclusive remedy, but rather to the very issue referred for a hearing, namely, whether defendant can obtain the financing it needs without plaintiff's signature on the loan documents. The record adduced at the hearing supports the hearing court's finding, essentially one of credibility, that defendant cannot (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 415 [2001]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.