■ TAMIKA BRINSON, Appellant, v CITY OF NEW YORK et al., Respondents. [795 NYS2d 553]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered June 1, 2004, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It appears that plaintiff's mother failed to deposit two checks

issued by defendant City and representing a portion of an infant's compromise she made on plaintiff's behalf in May 1989 when plaintiff was five years old. Almost 14 years later, shortly after plaintiff demanded payment, the City issued the two checks, without interest. Plaintiff now seeks to recover statutory interest on the two checks. We reject plaintiff's argument that regardless of her mother's failure to deposit the checks in accordance with the infant's compromise order, the City had the use of her money and was therefore unjustly enriched. While the failure of plaintiff's mother to deposit the checks may have supported a claim for payment thereof on a theory of unjust enrichment (*cf. First Wall St. Settlement Corp. v Hart*, 187 AD2d 352, 352-353 [1992], *lv denied* 82 NY2d 651 [1993]), defendants should not be held responsible for interest that accrued before plaintiff first demanded payment (*see id.* at 353), where the delay in payment was not their fault (*cf. Cremeen v Cremeen*, 201 AD2d 300 [1994]). Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.