RCN TELECOM SERVICES, INC., Plaintiff–Appellee–Cross–Appellant,

v.

202 CENTRE STREET REALTY LLC, Defendant–Appellant–Cross–Appellee.

No. 05–1508–CV.

United States Court of Appeals, Second Circuit.

Nov. 17, 2005.

Ronald Greenberg, NY, NY, for Plaintiff–Appellee–Cross–Appellant.

Christopher Sullivan, NY, NY, for Defendant–Appellee–Cross–Appellee.

PRESENT: CARDAMONE, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellee-cross-appellant RCN Telecom Services, Inc., ("RCN"), brought this action to recover over $5 million in damages allegedly caused by breach of lease and contract by defendant-appellant-cross-appellee 202 Centre Street Realty LLC, ("appellant"). After a two-day bench trial, the United States District Court for the Southern District of New York (Sprizzo, *J.*), in a judgment entered on February 22, 2005, awarded RCN $3,248,485.75 in damages, which was approximately one-half of what RCN sought. 202 Centre Street Realty now appeals, and RCN cross-appeals, from this judgment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

■ We affirm the district court's decision that rental money, which RCN mistakenly paid to appellant, should be returned to RCN. "When a party seeks recovery of rent paid to a landlord who had no legal entitlement to it, courts apply the doctrines of mistake and unjust enrichment to determine whether the tenant should recover the overpaid amounts." *In Re T.R. Acquisition Corp.*, 309 B.R. 830, 838 (S.D.N.Y.2003). In New York, money paid by mistake is recoverable, even if the mistake is due to the payor's own negligence. *First Wall Street Settlement Corp. v. Hart*, 187 A.D.2d 352, 353, 590 N.Y.S.2d 81 (1st Dep't 1992); *Bank of N.Y. v. Spiro*, 267 A.D.2d 339, 340, 700 N.Y.S.2d 207 (2d Dep't 1999).

We vacate the remainder of the district court's decision and remand so that the district court may specify findings of fact and dispose of this case in accordance with this summary order and Fed.R.Civ.P. 52(a).

■ First, the district court must decide whether there was a breach of contract. The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party

seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach. *See Marks v. New York Univ.,* 61 F.Supp.2d 81, 88 (S.D.N.Y. 1999).

■■■ In conducting this inquiry, the district court must decide whether the walk-away clause in the contract was RCN's exclusive remedy in the event of appellant's failure to provide sufficient electricity or whether appellant breached the contract under New York law. To determine whether there was a breach, the district court will also have to decide whether the contract implies any time for performance, and if so, what time. When a contract does not supply a time for performance, it must be done within a "reasonable time." *See Smith Barney Harris Upham & Co. v. Liechtensteinische Landesbank,* 866 F.Supp. 114, 117 (S.D.N.Y. 1994). In determining what constitutes a reasonable time for performance, courts consider the following factors: the facts and circumstances of the particular case, including the subject matter of the contract; what the parties contemplated at the time of contract; and the circumstances surrounding performance. *U.S.A. for Use and Benefit of Falco Constr. Corp. v. Summit Gen. Contracting Corp.,* 760 F.Supp. 1004, 1012 (E.D.N.Y.1991) (citing *Zev v. Merman,* 73 N.Y.2d 781, 536 N.Y.S.2d 739, 533 N.E.2d 669 (1988)).

■■■ Second, if the district court finds that appellant breached the contract, it must then determine the amount of damages owed to the non-breaching party. Under New York law, " '[o]ne who violates his contract with another is liable for all the direct and proximate damages which result from the violation.' " *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank, Inc.,* 392 F.3d 520, 525 (2d Cir.2004) (quoting *Wakeman v. Wheeler & Wilson Mfg. Co.,* 101 N.Y. 205, 209, 4 N.E. 264 (1886)). This Court held in *Sterling Nat'l Bank*

that "[c]ausation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach *directly and proximately caused* his or her damages." *Id.* (citing *Wakeman,* 101 N.Y. at 209, 4 N.E. 264) (emphasis in original). Damages for breach of contract must be "such only as actually follow or may follow from the breach of the contract." *Wakeman,* 101 N.Y. at 209, 4 N.E. 264. In the law of contracts, as in torts, "causation in fact is established if the defendant's breach of duty was a substantial factor in producing the damage." *Coastal Power Int'l. Ltd. v. Transcon. Capital Corp.,* 10 F.Supp.2d 345, 366 (S.D.N.Y.1998) (internal quotation marks omitted).

■■■ A plaintiff is entitled to "special" or "consequential" damages "when they are the natural result of the wrong and when they were within the contemplation of the parties at the time the contract was made." *Vitol Trading S.A. Inc. v. SGS Control Servs. Inc.,* 874 F.2d 76, 79 (2d Cir.1989). The New York Court of Appeals has held, "The rule that damages must be within the contemplation of the parties is a rule of foreseeability. The party breaching the contract is liable for those risks foreseen or which should have been foreseen at the time the contract was made. The breaching party need not have foreseen the breach itself, however, or the particular way the loss came about. It is only necessary that loss from a breach is foreseeable and probable." *Ashland Mgmt. Inc. v. Janien,* 82 N.Y.2d 395, 403, 604 N.Y.S.2d 912, 624 N.E.2d 1007 (1993). Foreseeability is an objective test: "In determining the reasonable contemplation of the parties, the nature, purpose and particular circumstances of the contract known by the parties should be considered, as well as what liability the defendant fairly may be supposed to have assumed con-

# 352

sciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made." *Kenford Co., Inc. v. County of Erie,* 73 N.Y.2d 312, 319, 540 N.Y.S.2d 1, 537 N.E.2d 176 (1989) (internal citations and quotation marks omitted). In carrying out this inquiry, the district court may wish to consider "the universally accepted principle that a harmed plaintiff must mitigate damages." *Air Et Chaleur, S.A. v. Janeway,* 757 F.2d 489, 494 (2d Cir.1985) (citing *Wilmot v. State,* 32 N.Y.2d 164, 168–69, 344 N.Y.S.2d 350, 297 N.E.2d 90 (1973); *Cornell v. T.V. Dev. Corp.,* 17 N.Y.2d 69, 74, 268 N.Y.S.2d 29, 215 N.E.2d 349 (1966)).

■ Of special importance to the district court's fact-finding on remand is that in New York, "unlike tort law, contract law does not provide for proportional liability among potentially culpable parties." *Point Prods. A.G. v. Sony Music Entm't Inc.,* 215 F.Supp.2d 336, 343 (S.D.N.Y. 2002) (citing *Macmillan, Inc. v. Fed. Ins. Co.,* 764 F.Supp. 38, 41 (S.D.N.Y.1991) ("A right of contribution will not be implied in actions arising solely from breach of contract.")).

We leave to the district court to consider the relevance of a line of cases discussing New York law on leases, including *Thorley v. Pabst Brewing Co.,* 179 F. 338, 345 (2d Cir.1910), and *Friedland v. Myers,* 139 N.Y. 432, 34 N.E. 1055 (1893). The *Friedland* court held that "[i]f the property is leased for a special purpose, which is known to the lessor and possession is refused because of a prior lease to another party, or of other fault of the lessor, the lessee may recover as damages his actual and necessary expenses incurred in preparing for the occupation of the property in the manner contemplated by the parties." *Id.* at 436, 34 N.E. 1055.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

From whatever final decision the district court makes, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. *See generally United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994).