**RCN TELECOM SERVICES, INC.,**
**Plaintiff–Appellant,**

v.

**202 CENTRE STREET REALTY,**
**LLC, Defendant–Appellee.**

No. 05–1508–cv.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2006.

Ronald S. Greenberg, Kramer Levin Naftalis & Frankel LLP (A. Owen Glist, of counsel on the brief) New York, NY, for Appellant.

Christopher J. Sullivan, Herrick, Feinstein LLP, for Appellee. (Gary Mailman, of counsel on the brief) New York, NY, for Appellee.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.

Plaintiff-appellant RCN Telecom Services, Inc. ("RCN") brought this action to recover approximately $6 million in damages allegedly caused by a breach of lease and contract on the part of defendant-appellee 202 Centre Street Realty LLC ("Centre Street"). After a two-day bench trial, the United States District Court for the Southern District of New York (Sprizzo, J.) (the "district court") awarded RCN half of the damages it had sought. 202 Centre Street Realty appealed (and RCN cross-appealed) from that judgment.

On November 17, 2005, this court affirmed the district court's decision to award RCN the rent it had mistakenly paid to Centre Street. *RCN Telecom Servs. Inc. v. 202 Centre St. Realty,* 156 Fed.Appx. 349 (2d Cir.2005). We vacated the remainder of the district court's decision and remanded, so that the district court might specify findings of fact and dispose of this case in accordance with the summary order and Fed.R.Civ.P. 52(a). In particular, we directed the district court to determine whether Centre Street had breached its contract with RCN, whether the lease limited RCN to the remedy of exercising its rights under the walk-away clause, and if not, whether Centre Street was liable for the consequential damages. *Id.* 350–52.

Upon remand, the district court failed to specify whether there had been a breach and whether the walk-away clause was RCN's exclusive remedy. *RCN Telecom Servs. Inc. v. 202 Centre St. Realty,* 419 F.Supp.2d 553 (S.D.N.Y.2006). However, the district court did find that RCN had assumed the risk that the electrical repairs would not be completed. *Id.* at 556. Accordingly, the district court declined to award consequential damages. *Id.* at 556–57. RCN now appeals from that judgment; this panel retains jurisdiction pursuant to the terms of our earlier order. *See United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994).

The factual findings of the district court are subject to review for clear error. *Pttereit v. S.B. Thomas Inc.,* 63 F.3d 1169, 1176 (2d Cir.1995). Where the district court failed to make a finding of fact, this court may review an issue de *novo,* as we need not defer to an absence of fact-finding. *Id.* Here, the district court did not make a finding of fact on the issues of breach or available remedies, but found that the alleged consequential damages were caused by RCN's assumption of risk.

■ Looking at the issues of breach and the available remedies *de novo,* we conclude that Centre Street was in breach after failing to complete the electrical work within a reasonable time. It had become plain that this work could not be completed after Centre Street failed to obtain an

injunction securing access to the basement power room occupied by its tenant. The lease was silent as to whether the walk-away clause was RCN's exclusive remedy in the event of breach. Under New York law, a provision must be included in the agreement limiting a party's remedies to those specified in the contract in order for courts to find that these remedies are exclusive. Accordingly, RCN was entitled to elect to recover damages following Centre Street's breach. *See Goodstein Constr. Corp. v. New York,* 67 N.Y.2d 990, 992, 502 N.Y.S.2d 994, 494 N.E.2d 99 (N.Y.1986); *see also* Arthur Linton Corbin *et al.,* 12 *Corbin on Contracts* § 1227.

RCN was entitled to rely upon Centre Street's contractual promise (and subsequent assurances) that the electrical work would soon be completed when RCN incurred the expenses related to the installation of the telecommunications hub. The district court's findings to the contrary are clearly erroneous. Since the consequential damages were caused by Centre Street's breach and the full extent of these damages was foreseeable at the time the contract was made, Centre Street is liable for the entirety. *See Vitol Trading S.A. Inc. v. SGS Control Servs., Inc.,* 874 F.2d 76, 79 (2d Cir.1989).

For the reasons stated above, the amended judgment of the district court is VACATED IN PART AND REMANDED, with instructions to enter the full amount claimed as damages in addition to the amount previously awarded, settle the amount of prejudgment interest, and close the case.