HealthNow N.Y., Inc. v David Home Bldrs., Inc. (2019 NY Slip Op 07177)





HealthNow N.Y., Inc. v David Home Bldrs., Inc.


2019 NY Slip Op 07177


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


870 CA 19-00463

[*1]HEALTHNOW NEW YORK, INC., DOING BUSINESS AS BLUE CROSS BLUE SHIELD OF WESTERN NEW YORK, PLAINTIFF-APPELLANT,
v
DAVID HOME BUILDERS, INC., DOING BUSINESS AS DAVID HOMES, DEFENDANT, AND EMPLOYER SERVICES CORPORATION, DEFENDANT-RESPONDENT. 






WEBSTER SZANYI LLP, BUFFALO (D. CHARLES ROBERTS, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GROSS SHUMAN P.C., BUFFALO (KEVIN R. LELONEK OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered September 11, 2018. The order, among other things, granted that part of the motion of defendant Employer Services Corporation seeking to dismiss plaintiff's first cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendant Employer Services Corporation in its entirety and reinstating the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover health insurance benefits paid on behalf of an employee of defendant Employer Services Corporation (ESC), a professional employment organization that provided work site employees to, inter alia, defendant David Home Builders, Inc., doing business as David Homes. According to plaintiff, ESC knew, at the time it enrolled the employee in plaintiff's health care plan, that the employee did not meet the eligibility requirements for coverage. As a result, plaintiff alleged that ESC breached its Group Health Care Contract (Contract) with plaintiff and engaged in fraud.
Shortly after ESC was added as a defendant, it moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint against it. Plaintiff opposed the motion and requested that Supreme Court convert that part of the motion with respect to the first cause of action to one for summary judgment and award judgment to it on that cause of action. The court granted the motion in part, dismissing the breach of contract cause of action against ESC, and denied plaintiff's request.
We agree with plaintiff that the court should have denied the motion in its entirety. Accepting as true all of plaintiff's allegations in the amended complaint (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that it sufficiently pled a breach of contract cause of action by setting forth factual allegations establishing " the existence of a contract, . . . plaintiff's performance under the contract, [ESC's] breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). We thus conclude that dismissal of that cause of action was not warranted under CPLR 3211 (a) (7).
We further conclude that dismissal under CPLR 3211 (a) (1) was not warranted. In granting the motion insofar as it sought dismissal of the breach of contract cause of action, the court determined that the provision of certain remedies in the Contract precluded plaintiff from [*2]seeking additional damages from ESC under the "canon of contract construction expressio unius est exclusio alterius, that is, that the expression of one thing implies the exclusion of the other" (Mastrocovo v Capizzi, 87 AD3d 1296, 1298 [4th Dept 2011]). The court further determined that the indemnification provision in the Contract did not apply to disputes between the parties. We conclude that the court erred in determining that plaintiff was limited to the remedies set forth in the Contract.
"[I]t is a basic tenet of the law of damages that where there has been a violation of a contractual obligation the injured party is entitled to fair and just compensation commensurate with [the] loss" (Terminal Cent. v Modell & Co., 212 AD2d 213, 218 [1st Dept 1995]). "Limitations on a party's liability will not be implied and to be enforceable must be clearly, explicitly and unambiguously expressed in a contract" (id.; see PRO Net v ACC TeleCom Corp., 294 AD2d 857, 858 [4th Dept 2002]). As a result, "[u]nder New York law, a provision must be included in the agreement limiting a party's remedies to those specified in the contract in order for courts to find that th[o]se remedies are exclusive" (RCN Telecom Servs., Inc. v 202 Ctr. St. Realty, LLC, 204 Fed Appx 920, 922 [2d Cir 2006]; see Sutton Madison, Inc. v 27 E. 65th St. Owners Corp., 8 AD3d 90, 92 [1st Dept 2004]; Locke v Aston, 1 AD3d 160, 161 [1st Dept 2003]; cf. Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 581-582 [2018]; CIFG Assur. N. Am., Inc. v Goldman, Sachs & Co., 106 AD3d 437, 438 [1st Dept 2013]).
Here, the Contract provided that, in the event an ineligible person was enrolled in the health care plan, plaintiff "may elect" certain remedies. It also addressed the obligations of the person who had received such benefits. There was nothing in the Contract stating that the contractual remedies were plaintiff's sole and exclusive remedies against ESC, i.e., the other party to the Contract (see Sutton Madison, Inc., 8 AD3d at 92; Locke, 1 AD3d at 161; Terminal Cent., 212 AD2d at 218; Hidden Val. Co. v Paris, 95 AD2d 771, 772 [2d Dept 1983], appeal dismissed 60 NY2d 644 [1983]). "Such statement of exclusivity or remedial bar could have been, but was not, set forth" in the Contract (Hidden Val. Co., 95 AD2d at 772).
We further agree with plaintiff that the court erred in determining that the indemnification provision of the Contract did not apply to intra-party disputes. "The indemnification clause at issue provides for coverage of extremely broad claims, and is consistent with other clauses that have been held to provide for indemnification . . . for intra-party disputes" (Square Mile Structured Debt [One], LLC v Swig, 110 AD3d 449, 449 [1st Dept 2013]; see Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645, 646 [1st Dept 2013]). As in Crossroads ABL LLC, the parties here "chose to use highly inclusive language in their indemnification provision, which they chose not to limit by listing the types of proceedings for which indemnification would be required" (105 AD3d at 646; see Matter of 2-4 Kieffer Lane LLC v County of Ulster, 172 AD3d 1597, 1601 [3d Dept 2019]; Colonial Sur. Co. v Genesee Val. Nurseries, Inc., 94 AD3d 1422, 1424 [4th Dept 2012]; cf. Autocrafting Fleet Solutions, Inc. v Alliance Fleet Co., 148 AD3d 1564, 1566 [4th Dept 2017]).
Finally, plaintiff contends that the court erred in denying its application to convert that part of ESC's motion with respect to the breach of contract cause of action into a motion for summary judgment and to award plaintiff judgment on that cause of action. We reject that contention inasmuch as summary resolution of the issues was premature and discovery was necessary to offer sufficient evidentiary proof on the merits of plaintiff's causes of action (see generally DeAngelis v Timberpeg E., Inc., 51 AD3d 1175, 1176 [3d Dept 2008]; County of Nassau v Velasquez, 44 AD3d 987, 989 [2d Dept 2007]). In any event, plaintiff failed to establish its entitlement to judgment as a matter of law on the breach of contract cause of action (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We therefore modify the order by denying ESC's motion in its entirety and reinstating the first cause of action.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court