Pogil v KPMG LLP (2024 NY Slip Op 03148)

Pogil v KPMG LLP

2024 NY Slip Op 03148

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 150640/21 Appeal No. 2467 Case No. 2024-00752 

[*1]Boris Pogil, Appellant,
v
KPMG LLP et al., Respondents.

Law Office of Garry Pogil, New York (Garry Pogil of counsel), for appellant.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Justine L. Abrams of counsel) and Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Atlanta, GA (Peter O. Hughes of the bar of the State of New Jersey and State of Georgia, admitted pro hac vice of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about January 29, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court correctly determined that plaintiff failed to establish a prima facie case that his employer, defendant KPMG LLP, discriminated against him because he is a male with childcare responsibilities (see Forrest v Jewish Guild for the Blind, 3 NY3d 295 [2004]). Plaintiff failed to show that he was treated differently from similarly situated female employees. The motion court specifically and thoroughly analyzed why the employees plaintiff identified as similarly situated were, in fact, not, and on appeal, plaintiff does not adequately address this determination.
Even if plaintiff had made out a prima facie case, defendants set forth documented, nondiscriminatory grounds for having terminated him: utilization rates well below target levels and a habit of declining or delegating work — grounds plaintiff does not show to have been pretextual (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 39 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Plaintiff avers that defendants' asserted grounds for firing him masked that they were really firing him for being a man with childcare responsibilities, but his proofs are comprised of his own statements that are contradicted by the record, misleading excerpts or unsupportable characterizations of key documents. For instance, he relies heavily on his deposition testimony concerning his exchanges with defendant David Lin, and claims he told Lin he could not take on certain work because he had to care for his young child and requested a flexible working arrangement. However, his testimony is unsupported by the record and, in fact, contradicted by his own emails to Lin, which reflect that he turned down opportunities to increase his utilization more than once for reasons that had nothing to do with childcare.
Plaintiff argues the real reason defendants set a low performance memorandum process in motion was because he declined an opportunity that would have required him to leave his wife and young son and relocate for a period to San Francisco. However, his rendition conflicts with documentary proof that the process was triggered for an entirely different reason: his unexplained, sudden, and amply documented reneging on the opportunity to work on a project with defendant's Business Tax Services practice.
Plaintiff's attempt to analogize his Bank of America (BOA) project to the flexible work arrangements enjoyed by certain female employees is unavailing. As the record makes clear, the BOA project meant a departure from the Mergers and Acquisitions (M&A) tax work that plaintiff had been hired to do, and rather than request or try to negotiate an end date to such arrangement, plaintiff appears to have summarily expected defendants to be amenable to his doing such work, apparently to the [*2]exclusion of all else.
Plaintiff's emphasis on his supposedly high utilization numbers is also unavailing, in light of indications in the record that defendants found such numbers puzzling or perhaps even suspicious, given their unexplained "disconnect" from other indications that plaintiff was not taking on the amount of work expected of him.
Plaintiff's retaliation claim was correctly dismissed. Plaintiff flagged concerns about being discriminated against in his May 31, 2020 ethics and compliance complaint. However, the acts he categorizes as retaliatory predate that complaint and thus cannot support a retaliation claim (e.g. Okayama v Kintetsu World Express [USA] Inc., 2008 NY Slip Op 31691[U] [Sup Ct, NY County 2008]).
The defamation claim was also correctly dismissed. Plaintiff's argument that the law of the case doctrine mandated a determination that the statements were defamatory per se is unavailing. The court had held that plaintiff had adequately stated a claim of defamation per se for the purposes of surviving defendants' prior CPLR 3211(a)(7) motion, but "the law of the case doctrine does not apply when a motion to dismiss is followed by a summary judgment motion, as is the case here" (Moses v Savedoff, 96 AD3d 466, 468 [1st Dept 2012]).
In any event, the claim was properly dismissed because the statements at issue appear in the ethics and compliance investigation report, the low performance memorandum, and/or the justification memorandum, or in other internal employment review-related communications between individuals at KPMG. As such, they are either protected by the common interest qualified privilege, having been communicated between individuals who shared a common interest in plaintiff's performance, and/or constitute nonactionable statements of opinion about him (see e.g. Panghat v New York Downtown Hosp., 85 AD3d 473, 474 [1st Dept 2011], lv denied 18 NY3d 804 [2012], cert denied 567 US 906 [2012]; Locke v Aston, 1 AD3d 160, 160 [1st Dept 2003]; Falk v Anesthesia Assoc. of Jamaica, 228 AD2d 326, 328 [1st Dept 1996], lv dismissed 89 NY2d 916 [1996]; Williams v Varig Brazilian Airlines, 169 AD2d 434, 438 [1st Dept 1991], lv denied 78 NY2d 854 [1991]). To the extent any of the statements were made to plaintiff only, these were also properly dismissed for failure to satisfy the publication requirement (see Richards v Security Resources, 187 AD3d 452, 453 [1st Dept 2020], lv denied 36 NY3d 913 [2021]).
Plaintiff's attempts to avoid application of the qualified privilege are unavailing. As to one statement that he "damaged the firm's reputation with a client," plaintiff offered no proof that this statement was made to a client (or to anyone outside of KPMG). Plaintiff also argues that certain statements were disseminated outside of the M&A tax group, yet he does not show that KPMG colleagues from outside the group necessarily lacked a common interest as concerned plaintiff's performance and related matters.
Moreover, plaintiff [*3]fails to show factual issues exist as to whether the statements were made with the requisite malice to overcome the qualified privilege (see e.g. Liberman v Gelstein, 80 NY2d 429, 437-439 [1992]). His proof primarily consists of defendant Andrew Ziegler's comment that the low performance memorandum was "hard to piece together," yet read in context, it is clear Ziegler was commenting on challenges created by the ways in which plaintiff's version of events was contradicted by many others' versions and the paper record.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024